United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 13, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 03-60803
Summary Calendar

LUIS ALBERTO LUNA-RAMIREZ,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

-----------------------------------------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A74 084 261
-----------------------------------------------------

Before WIENER, BENAVIDES AND STEWART, Circuit Judges.

PER CURIAM:[*]

Luis Alberto Luna-Ramirez ("Luna") petitions this court for review of a decision by the Board

of Immigration Appeals ("BIA") affirming an order of the Immigration Judge ("IJ") denying Luna's

application for cancellation of removal pursuant to 8 U.S.C. § 1229b(b). Luna asserts that the IJ

erred by ruling that his ex-wife's extra-marital affair and resultant pregnancy did not constitute

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

extreme cruelty under 8 U.S.C. § 1229b(b)(2)(A)(i)(I). Respondent argues that this court does not have jurisdiction to review extreme cruelty determinations and that the IJ's ruling was not erroneous.

Pursuant to 8 U.S.C. § 1252(a)(2)(B), we do not have jurisdiction to review discretionary decisions under 8 U.S.C. § 1229b, but retain jurisdiction over purely legal and non-discretionary questions. Mireles-Valdez v. Ashcroft, 349 F.3d 213, 216 (5th Cir. 2003). While we have never had occasion to determine whether extreme cruelty decisions are discretionary, we have held that extreme hardship decisions are discretionary because the phrase extreme hardship "was not self-explanatory, and reasonable men could easily differ as to their construction." Moosa v. INS, 171 F.3d 994, 1013 (5th Cir. 1999) (quoting INS v. Jong Ha Wang, 450 U.S. 139, 144 (1981)). Respondent urges us to hold that the phrase extreme cruelty, like extreme hardship, is not self-explanatory, and that extreme cruelty decisions, therefore, are discretionary. On the other hand, the only circuit to address this issue held that extreme cruelty was an objective standard to evaluate domestic violence and that extreme cruelty decisions were non-discretionary, factual determinations subject to judicial review. See Hernandez v. Ashcroft, 345 F.3d 824, 833-35 (9th Cir. 2003).

However, we need not resolve the jurisdictional question in this case as Luna is not entitled to relief. See Hernandez-Rodriquez v. Pasquarell, 118 F.3d 1034, 1045-46 & n.16 (5th Cir. 1997). If the extreme cruelty standard is broad enough to include extra-marital affairs and resultant pregnancies, as Luna argues, then the phrase extreme cruelty is "not self-explanatory, and reasonable men could easily differ as to their construction." Moosa, 171 F.3d at 1013 (quoting Jong Ha Wang, 450 U.S. at 144). Consequently, extreme cruelty decisions would be discretionary determinations, and we would not have jurisdiction to consider Luna's petition. See id. On the other hand, if, as determined in Hernandez, 345 F.3d at 833-35, extreme cruelty is an

objective measure of domestic violence, then the IJ did not err by denying Luna's application because Luna did not make any showing that he was a victim of domestic violence constituting extreme cruelty. Accordingly, Luna's petition for review is DENIED.