**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 24, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60359
Summary Calendar

CARMEN GARNICA-VILLARREAL,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A75 298 955
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Petitioner Carmen Garnica-Villarreal ("Garnica") petitions this court for review of a decision by the Board of Immigration Appeals ("BIA") summarily affirming an order of the Immigration Judge ("IJ") denying Garnica's application for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(2). Garnica asserts that the IJ erred by ruling that she had not demonstrated that the father of her son, Eduardo, had subjected him to "extreme cruelty" by failing to support him, financially or otherwise. The respondent contends that we lack subject-matter jurisdiction to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review "extreme cruelty" determinations and, alternatively, that the IJ's ruling was not erroneous.

Pursuant to 8 U.S.C. § 1252(a)(2)(B), we lack jurisdiction to review discretionary decisions under 8 U.S.C. § 1229b, but retain jurisdiction over purely legal and non-discretionary questions. Mireles-Valdez v. Ashcroft, 349 F.3d 213, 216 (5th Cir. 2003). We have never had occasion to determine whether "extreme cruelty" decisions are discretionary, but we have held that "extreme hardship" decisions under 8 U.S.C. § 1229b are discretionary because the term extreme hardship is "'not self-explanatory, and reasonable men could easily differ as to their construction.'" Moosa v. INS, 171 F.3d 994, 1013 (5th Cir. 1999) (citation omitted). The only circuit to address this issue directly held that "extreme cruelty" involves an objective, "clinical" standard for evaluating domestic violence and that "extreme cruelty" decisions are non-discretionary, factual determinations subject to judicial review. See Hernandez v. Ashcroft, 345 F.3d 824, 833-35 (9th Cir. 2003).

We need not resolve the jurisdictional question in this case because Garnica is not entitled to relief. See Hernandez-Rodriquez v. Pasquarell, 118 F.3d 1034, 1045-46 & n.16 (5th Cir. 1997). If, on the one hand, the term "extreme cruelty" is expansive enough to encompass parental neglect, then the term is "'not self-explanatory, and reasonable men could easily differ as to their construction'" Moosa, 171 F.3d at 1013 (citation omitted), making

2

"extreme cruelty" decisions discretionary determinations.  As such, we would lack jurisdiction to consider Garnica's petition.  <u>See</u> <u>id.</u> On the other hand, if, as determined in <u>Hernandez</u>, 345 F.3d at 833-35, "extreme cruelty" is an objective measure of domestic violence, then the IJ did not err in denying Garnica's application because she failed to show that Eduardo was a victim of domestic violence constituting extreme cruelty.  Accordingly, Garnica's petition for review is

DENIED.