United States Court of Appeals
Fifth Circuit

**F I L E D**

July 5, 2006

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————

05-60467

———————

KATHLEEN WILMORE,

                                        Petitioner,

                        v.

ALBERTO R. GONZALES,
U.S. Attorney General,

                                        Respondent.

———————————————————————

Petition for Review of an Order of
the Board of Immigration Appeals

———————————————————————

Before DeMOSS, BENAVIDES, and PRADO, Circuit Judges.

Benavides, Circuit Judge:

    This case involves a petition for review of an order of the

Board of Immigration Appeals ("BIA") that finds the petitioner is

ineligible for cancellation of removal pursuant to the battered

spouse provision in 8 U.S.C. § 1229b(b)(2) (Supp. V 2005).  The

Respondent contends that this Court does not have jurisdiction to

review the  determination of whether the Petitioner was subjected

to "extreme cruelty" under section 1229b(b)(2).  We conclude that

the determination of whether a petitioner has shown that she has

been subjected to extreme cruelty is a discretionary one. Because Congress has stripped courts of jurisdiction to review the Attorney General's discretionary decisions under section 1229b(b)(2), we must dismiss this petition.

I.    FACTUAL AND PROCEDURAL HISTORY

The petitioner, Kathleen Wilmore, a native of Jamaica and citizen of the United Kingdom, entered the United States as a non-immigrant temporary visitor in 1981. Although the last extension of her temporary visitor status expired in December 1983, she has lived continuously in the United States since 1981.

In 1996, Wilmore married David Wilmore, a U.S. citizen. In 1997, David filed an immigrant visa petition to allow Wilmore, as the spouse of a U.S. citizen, to apply for an adjustment in status to that of a lawful permanent resident. David subsequently withdrew the petition and filed for divorce.

In February 2003, the INS served Wilmore with a notice to appear, placing her in proceedings to remove her. She was charged as being an arriving alien subject to removal pursuant to INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I) (Supp. V 2005), for not being in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the INA.

Shortly before the removal hearing, David filed a second immigrant visa petition on Wilmore's behalf but later withdrew it. At the removal hearing, Wilmore appeared pro se. Wilmore testified

2

that she and David were still married but conceded that the INS had denied her application for adjustment of status and that she did not have any other document rendering her presence in the U.S. lawful. Based on those statements, the immigration judge ("IJ") found her subject to removal. The IJ advised Wilmore that she might be able to obtain a grant of cancellation of removal, and she replied that she wished to apply for such relief. Pursuant to 8 U.S.C. § 1229b(b)(1)(D), the Attorney General may cancel the removal of and adjust to the status of permanent resident, an alien who "establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence."

After obtaining counsel, Wilmore submitted an application for cancellation of removal based on section 1229b(b)(1)(D)'s exceptional and extremely unusual hardship requirement. During the hearing held on her application, Wilmore stated through counsel that she was changing her application instead to allow her to seek cancellation pursuant to 8 U.S.C. § 1229b(b)(2)(A)(i)(I). Pursuant to section 1229b(b)(2)(A)(i)(I), the "Attorney General *may* cancel removal" if an alien proves, among other things, that she "has been battered or subjected to extreme cruelty by a spouse or parent who is or was a United States citizen . . . ." *Id.* (emphasis added).

At the conclusion of the hearing, the IJ found her subject to

3

removal and further found that she had met all the eligibility requirements for "special rule" cancellation except the "extreme cruelty" requirement. Wilmore appealed to the BIA. On April 29, 2005, the BIA dismissed the appeal, stating that it concurred in the IJ's finding that extreme cruelty was not demonstrated. The BIA also gave Wilmore an additional thirty days from the date of its order to depart voluntarily. Wilmore now petitions this Court for review of the BIA's decision.

    II.   JURISDICTION

        A.   8 U.S.C. § 1252(a)(2)(B)

As a threshold matter, the Respondent argues that the following statutory language relieves this Court of subject matter jurisdiction to review the IJ's discretionary decision: "no court shall have jurisdiction to review-(i) any judgment regarding the granting of relief under § 1182(h), 1182(i), *1229b*, 1229c, or 1255 of this title." 8 U.S.C. § 1252(a)(2)(B)(i) (Supp. V 2005) (emphasis added). As noted above, the instant case involves a request for cancellation of removal pursuant to section 1229b. This Court has explained that, pursuant to section 1252(a)(2)(B), this Court lacks jurisdiction to review discretionary decisions under section 1229b but retains jurisdiction over purely legal and nondiscretionary questions. *Mireles-Valdez v. Ashcroft*, 349 F.3d 213, 215-16 (5th Cir. 2003).

The IJ found, and the BIA agreed, that Wilmore had met all the

4

requirements for cancellation of removal except establishing that she had been subjected to extreme cruelty by her husband. Wilmore's sole claim of error on appeal is that the IJ erred in finding that she had not established extreme cruelty. Accordingly, to determine whether we have jurisdiction, we must decide whether a determination of extreme cruelty is discretionary.

The Code of Federal Regulations defines battery or extreme cruelty as including, but not limited to:

> being the victim of any act or threatened act of violence, including any forceful detention, which results or threatens to result in physical or mental injury. Psychological or sexual abuse or exploitation, including rape, molestation, incest (if the victim is a minor), or forced prostitution shall be considered acts of violence. Other abusive actions may also be acts of violence under certain circumstances, including acts that, in and of themselves, may not initially appear violent but that are a part of an overall pattern of violence.

8 C.F.R. § 204.2(c)(1)(vi) (2005).

Although this Circuit has yet to decide whether the determination of extreme cruelty is a discretionary one,[1] we have held that a determination of "extreme hardship" under section 1229b was discretionary because the term "was not self-explanatory, and reasonable men could easily differ as to [its] construction." *Moosa v. INS*, 171 F.3d 994, 1013 (5th Cir. 1999) (quoting *INS v.*

---

[1] We are aware of two unpublished opinions in which we discussed the issue of whether "extreme cruelty" decisions pursuant to section 1229b are discretionary. *Luna-Ramirez v. Ashcroft,* 111 F. App'x. 737 (5th Cir. Oct. 13, 2004); *Garnica-Villarreal v. Ashcroft,* 123 F. App'x. 625 (5th Cir. Feb. 24, 2005). In these opinions, however, we did not resolve the issue.

*Jong Ha Wang*, 450 U.S. 139, 144 (1981)). Here, we find that the term "extreme cruelty" is not self-explanatory and that reasonable men could differ as to its meaning.

The Ninth and Tenth Circuits have addressed the question of whether the determination of "extreme cruelty" is discretionary and are split. The Ninth Circuit concluded that it had jurisdiction because the determination of "extreme cruelty" was a reviewable legal and factual one. *Hernandez v. Ashcroft,* 345 F.3d 824, 833-35 (9th Cir. 2003).[2] The *Hernandez* Court opined as follows:

> Extreme cruelty provides an inquiry into an individual's experience of mental or psychological cruelty, an alternative measure of domestic violence that can also be assessed on the basis of objective standards. Ultimately, the question of whether an individual has experienced domestic violence in either its physical or psychological manifestation is a clinical one, akin to the issue of whether an alien is a "habitual drunkard," which *Kalaw*[3] established was clearly nondiscretionary.

*Id.* at 834 (footnote added).

On the other hand, the Tenth Circuit held that the determination of "extreme cruelty" was discretionary, and, thus, it did not have jurisdiction to consider a cancellation of removal claim under section 1229b(b)(2). *Perales-Cumpean v. Gonzales*, 429 F.3d 977 (10th Cir. 2005). We find the Tenth Circuit analysis more

---

[2] *Hernandez* interpreted 8 U.S.C. § 1254(a)(3) (1996), which has been amended and recodified as the instant battered spouse provision of section 1229b. 345 F.3d at 832, 835 n.9.

[3] *Kalaw v. INS*, 133 F.3d 1147, 1151 (9th Cir. 1997).

6

persuasive. In that case, the petitioner argued that the definition of battery and extreme cruelty set forth in the federal regulations "channeled the exercise of discretion to such an extent that its decision on the 'extreme cruelty' decision can no longer be considered discretionary." *Id.* at 983-84 (citing 8 C.F.R. § 204.2(c)). The Tenth Circuit rejected that argument, explaining that the definition "requires consideration of many factors." *Id.* at 984.

In the instant case, the IJ would have to determine whether the "pattern of mental and psychological abuse" alleged by Wilmore amounted to extreme cruelty. Although the extreme cruelty definition provides some guidance in making this determination, it certainly does not remove the discretion afforded by Congress. Indeed, as the Tenth Circuit stated, "[c]onsiderable discretion also is provided by the definition's phrases 'includes, but is not limited to' and 'may . . . be acts of violence under certain circumstances.'" *Id.*

Additionally, the Tenth Circuit opined that "[d]etermining whether a given course of conduct is 'extremely cruel' involves more than simply plugging facts into a formula. The agency is required to make a judgment whether the cruel conduct alleged is sufficiently extreme to implicate the purposes of the statute." *Id.* at 982. Thus, it concluded that a determination of extreme cruelty involved the exercise of discretion. *Id.* We agree.

7

Moreover, the language of the battered spouse provision, section 1229b(b)(2), and the instant jurisdiction-stripping provision, section 1252(a)(2), indicate that the extreme cruelty decision is discretionary. Section 1229b(b)(2)(A)(i)(I) provides that the "Attorney General *may* cancel removal" if extreme cruelty is shown. (emphasis added). The jurisdiction-stripping provision, section 1252(a)(2)(B), is entitled "**Matters not subject to judicial review**" and the subsection that lists the instant "extreme cruelty" provision is entitled "**Denials of *discretionary* relief.**" § 1252(a)(2)(B)(i) (italics added). Additionally, the subsection immediately following the subsection at issue provides that "any *other* decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the *discretion* of the Attorney General . . . ." § 1252(a)(2)(B)(ii) (emphasis added). We understand that language to indicate that the preceding subsection also involved decisions left to the discretion of the Attorney General.

Accordingly, based on the definition of "extreme cruelty" in the federal regulations, the statutory language of section 1252(a)(2)(B), our precedent, and the persuasive reasoning of the Tenth Circuit, we conclude that a determination of "extreme cruelty" under section 1229b(b)(2)(A)(i)(I) is discretionary. As such, section 1252(a)(2)(B) precludes our review.

B.  Real ID Act

In response to the Respondent's jurisdictional argument, Wilmore asserts that the language of the Real ID Act, which became effective in May 2005, has expanded our jurisdiction.  8 U.S.C. § 1252(a)(2)(D) (Supp. V 2005).  Section 1252(a)(2)(D), as amended by the Real ID Act, is entitled "Judicial Review of Certain Legal Claims" and provides that:

> Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

This Court has explained that the Real ID Act "removes jurisdictional bars to direct review of questions of law in final removal, deportation, and exclusion orders."  *Rodriguez v. Gonzales*, 427 F.3d 316, 319 (5th Cir. 2005) (citations omitted).

Subsequent to the above amendment, this Court recently joined a "number of our sister circuits in holding that we lack jurisdiction over petitions for review concerning the discretionary denial of relief under 8 U.S.C. § 1255."  *Hadwani v. Gonzales*, 445 F.3d 798, 800 (5th Cir. 2006).[4]  *Hadwani* expressly recognized that the Real ID Act "amended 8 U.S.C. § 1252(a)(2) to ensure that this court retains jurisdiction over 'constitutional claims or questions

---

[4]  Section 1255 involves adjustment of status for a nonimmigrant.

9

of law' raised in an alien's petition for review." *Id.* (quoting 8 U.S.C. § 1252(a)(2)(D)). The present case does not raise a constitutional or legal question. As previously set forth, section 1252(a)(2)(B)(i), the jurisdiction-stripping provision, lists, among others, the instant section 1229b along with section 1255, which was at issue in *Hadwani*. Thus, despite recognizing the Real ID language, this Court found it did not have jurisdiction to review the discretionary decision made pursuant to section 1255. Likewise, in the instant case, "the Real ID Act does not provide this court with jurisdiction to review" the BIA's determination with respect to "'extreme cruelty.'" *Perales-Cumpean,* 429 F.3d at 982 n.4. Therefore, we must dismiss this petition for lack of jurisdiction.[5]

III. CONCLUSION

For the above reasons, Wilmore's petition for review is DISMISSED.

---

[5] Because we lack jurisdiction, we do not reach the merits of Wilmore's claim or the Respondent's argument that Wilmore is ineligible for cancellation of removal based on her failure to comply with the order of voluntary departure.