United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60546
Summary Calendar
_____

BARRACK JUMA OCHONDO,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U S ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A72 426 558
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:*

    Barrack Juma Ochondo, a citizen and native of Kenya,
petitions this court for review of the Board of Immigration
Appeal's (BIA) order affirming the immigration judge's (IJ) order
denying his requests for asylum, withholding of removal,
cancellation of removal, and withholding of removal under the
Convention Against Torture and final order of removal.  When, as
here, the BIA adopts the IJ's decision, we review the IJ's
decision.  See Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997).

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ochondo argues that the IJ and BIA erred by denying his request for cancellation of removal under 8 U.S.C. § 1229b(b)(2)(a)(i)(I) because the evidence showed that he was abused by his United States citizen former spouse. For the first time in this court, he asserts that the IJ's denial of his request for cancellation of removal violated his due process rights.

We do not have jurisdiction to consider Ochondo's challenge to the IJ's and BIA's determination that Ochondo did not suffer extreme cruelty. See Wilmore v. Gonzales, 455 F.3d 524, 526-28 (5th Cir. 2006). Because Ochondo did not raise his due process claim before the BIA, we do not have jurisdiction to consider the due process claim. See Goonsuwan v. Ashcroft, 252 F.3d 383, 389-90 (5th Cir. 2001). In any event, relief from removal under discretionary waiver is not entitled to due process protection. *Nguyen v. District Director, Bureau of Immigration & Customs Enforcement,* 400 F.3d 255, 259 (5th Cir. 2005). Ochondo's challenges to the denial of his request for cancellation of removal are dismissed.

Ochondo argues that the IJ erred by denying his request for withholding of removal on the grounds that he was HIV positive, that people with HIV are discriminated against in Kenya, and that sufficient medical care is not available. Because Ochondo did not show that he faced persecution from the Kenyan government or a group or groups that the Kenyan government was unwilling or

unable to control, the IJ's denial of Ochondo's request for withholding of removal was supported by substantial evidence. See Adebisi v. INS, 952 F.2d 910, 913-14 (5th Cir. 1992). Ochondo's challenge to the denial of his request for withholding of removal is denied.

PETITION FOR REVIEW DISMISSED IN PART, DENIED IN PART.