# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 10, 2007

Charles R. Fulbruge III
Clerk

No. 06-60979
Summary Calendar

EDUARDO NAVARRETE; MARIA ESTHER NAVARRETE;
ESTHER NAVARRETE

Petitioners

v.

PETER D. KEISLER, ACTING U.S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79 003 488
BIA No. A79 003 489
BIA No. A79 006 490

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Eduardo Navarrete, Maria Esther Navarrete (wife), and Esther Navarrete (daughter) have filed a petition for review of a final order of the Board of Immigration Appeals (BIA) affirming the denial of their applications for the cancellation of removal. Petitioners maintain the United States citizen daughter of Eduardo and Maria Esther Navarrete, Sara Navarrete, will suffer exceptional

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and extremely unusual hardship if they are required to return to their native Mexico. Petitioners contend the Immigration Judge (IJ) and the BIA erred in finding Sara Navarrete would not suffer such hardship. Petitioners further contend the IJ erred when he refused: to subpoena one of their witnesses; and to consider all of their documentary evidence.

This court lacks jurisdiction to review an IJ's hardship determination in the context of a cancellation of removal application because it is a discretionary decision. See 8 U.S.C. § 1252(a)(2)(B)(i); Wilmore v. Gonzales, 455 F.3d 524, 526-28 (5th Cir. 2006); Rueda v. Ashcroft, 380 F.3d 831, 831 (5th Cir. 2004). Accordingly, the petition is dismissed to the extent it seeks review from the decision to deny cancellation of removal.

Petitioners also claim the denial of cancellation of removal violated their due process rights. We have jurisdiction to consider this legal question. Hernandez-Castillo v. Moore, 436 F.3d 516, 519 (5th Cir. 2006), cert. denied, 127 S. Ct. 40 (2006). The contention is unavailing, however, as Petitioners' "[e]ligibility for discretionary relief from a removal order is not a liberty or property interest warranting due process protection". Mireles-Valdez v. Ashcroft, 349 F.3d 213, 219 (5th Cir. 2003) (internal quotation marks and citation omitted). To the extent Petitioners challenge the denial of cancellation of removal on due process grounds, the petition is denied. To the extent Petitioners assert the IJ violated their due process rights when he refused to subpoena their witness and consider their evidence, the record establishes that the IJ did not violate Petitioners' due process rights.

PETITION DISMISSED IN PART; DENIED IN PART.