**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3342
_____

AHMED SHAWKY FARAG AFIFI,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A098-496-718)
Immigration Judge:  Honorable Mirlande Tadal

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 12, 2010

Before: MCKEE, FUENTES and VAN ANTWERPEN, Circuit Judges

(Opinion filed: June 30, 2010)
_____

OPINION
_____

PER CURIAM

    Ahmed Shawky Farag Afifi petitions for review of a decision of the Board of

Immigration Appeals (BIA).  For the reasons below, we will dismiss the petition.

    Afifi, a citizen of Egypt, entered the United States in February 1999, with

authorization to remain until August 1999.  In 2007, he was charged as removable for overstaying his admission period.  Afifi conceded removability and applied for special cancellation of removal as a battered spouse.  After a hearing, an Immigration Judge (IJ) denied the application and ordered Afifi removed to Egypt.

On appeal to the BIA, Afifi argued that the IJ's decision was correct but that he had been poorly represented by his former counsel because he failed to present the testimony of Afifi's mother as a qualifying relative for his application of cancellation of removal.  The BIA denied the motion to remand and dismissed the appeal.  It concluded that Afifi had not satisfied any of the requirements for an ineffective assistance of counsel claim set forth in Matter of Lozada, 19 I&N Dec. 637 (BIA 1988).  The BIA also agreed with the IJ that Afifi had not demonstrated that he was battered by his spouse.  Afifi filed a pro se petition for review.

We need not decide whether we have jurisdiction to review the denial of Afifi's application made pursuant to 8 U.S.C. § 1229b(b)(2) for cancellation of removal as a battered spouse because Afifi does not challenge the BIA's decision.[1]  In his brief, Afifi simply states that his wife became a citizen in July 2008 and he has an approved petition for a "green card."  He asserts that he and his wife are on good terms now.  He notes that

_____

[1] See 8 U.S.C. § 1252(a)(2)(B); see Stepanovic v. Filip, 554 F.3d 673, 679 (7th Cir. 2009); Wilmore v. Gonzales, 455 F.3d 524, 528 (5th Cir. 2006); Perales-Cumpean v. Gonzales, 429 F.3d 977, 982-84 (10th Cir. 2005); but see Hernandez v. Ashcroft, 345 F.3d 824, 833-35 (9th Cir. 2003).  We would have jurisdiction to review constitutional claims or questions of law.  8 U.S.C. § 1252(a)(2)(D).

2

he has lived in the United States for over ten years, his mother is a citizen, and he has no criminal record. He requests that we send his case back to the IJ to adjudicate the petition.

Afifi did not raise and exhaust these issues before the BIA or file a motion to reopen with the BIA.[2] Under 8 U.S.C. § 1252(d)(1), we may review a final order of removal only if the petitioner has exhausted all administrative remedies. See James v. Mukasey, 522 F.3d 250, 258-59 (2d Cir. 2008) (Court lacked jurisdiction to consider claim of eligibility of adjustment of status when application was not filed before the IJ). Moreover, we may decide the petition only on the administrative record on which the order of removal was based. 8 U.S.C. § 1252(b)(4)(A). The documents Afifi has submitted on appeal are not part of the administrative record.

For the above reasons, we will dismiss the petition for review for lack of jurisdiction. Afifi's second motion for an extension of time to file a reply brief is denied. Afifi's motion to stay removal and to reverse and remand is denied.

---

[2] If Afifi's wife became a citizen in July 2008, it appears arguable that Afifi's counsel before the BIA was ineffective for failing to file a motion to reopen pursuant to In re Velarde-Pacheco, 23 I. & N. Dec. 253 (BIA 2002). Afifi may wish to consider filing a motion to reopen in the BIA on those grounds. We express no opinion on the merit of such a motion.