# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 12, 2011

No. 10-60627
Summary Calendar

Lyle W. Cayce
Clerk

SHENGLI JIANG,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A074-682-513

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:*

Shengli Jiang, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' (BIA) affirming an immigration judge's (IJ) denial of Jiang's requests for termination of removal proceedings and cancellation of removal under the special rule for abused spouses of United States citizens. Jiang was admitted into the United States for the purpose of marrying, in Texas, a United States citizen, which was required to occur within 90 days of being admitted.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Despite its being undisputed that Jiang did not marry within 90 days, and that his marriage ended in divorce less than two years after he entered the United States, he contends removal proceedings should be terminated because: his passport stamp conferred upon him conditional resident status, even though he concedes the stamp was issued in error based on his false assertion that he had married within 90 days; he was timely married under Texas common law; and his untimely marriage should be excused under a good-faith exception.

Our court has "authority to review only an order of the BIA, not the IJ, unless the IJ's decision has some impact on the BIA's decision". *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997) (citation omitted). An immigration court's findings of fact are reviewed for substantial evidence, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006); its rulings of law, *de novo*, according "deference to the BIA's interpretation of immigration statutes unless the record reveals compelling evidence that the BIA's interpretation is incorrect", *Mikhael*, 115 F.3d at 302.

The erroneously issued passport stamp did not confer conditional resident status upon Jiang because, as he admits, he did not complete a traditional marriage within the requisite 90-day period. *See Matter of Longstaff*, 716 F.2d 1439, 1440-42 (5th Cir. 1983) (lawful admission must be substantive, not merely procedural—*i.e.*, error on Government's behalf does not grant lawful admission where such is otherwise unlawful); *In re Koloamatangi*, 23 I. & N. Dec. 548, 550 (BIA 2003) (affirming "long-standing" principle that aliens do not have lawful resident status if they "obtained their permanent resident status by fraud, or had otherwise not been entitled to it").

In regard to Jiang's contention that he was timely married under Texas common law, the BIA found there was no credible evidence of cohabitation. To establish a common-law marriage in Texas, he must show, *inter alia*, that he and his alleged spouse cohabitated after their agreement to marry in 1999. *Witter v. I.N.S.*, 113 F.3d 549, 553 (5th Cir. 1997). As Jiang concedes, "the record is

unclear as to the exact period of cohabitation". Accordingly, the evidence does not compel a finding that Jiang and his fiancée lived together as husband and wife in a Texas common law marriage within the 90-day period. *See Chen*, 470 F.3d at 1134 (under "substantial evidence" standard, "reversal is improper unless we decide not only that the evidence supports a contrary conclusion, but also . . . *compels* it" (emphasis in original)) (citation and internal quotation marks omitted).

Similarly, in regard to Jiang's contention that the 90-day marriage requirement is not absolute and a good-faith untimely marriage may be excused, the evidence does not compel a finding that Jiang's failure to marry within 90 days was due to factors beyond his control. *See id.*; *Moss v. I.N.S.*, 651 F.2d 1091, 1093 (5th Cir. 1981) (remanding for hearing to determine whether two-day delay in formalizing marriage was due to circumstances beyond alien's control where evidence indicated illness may have caused delay).

At any rate, even if Jiang had entered into a valid marriage or had otherwise obtained conditional resident status, the record supports the IJ's determination (affirmed by the BIA) that Jiang's conditional resident status was terminated after his marriage ended in divorce less than two years after that status was putatively conferred. *See* 8 U.S.C. § 1186a(b)(1)(A)(ii) (attorney general shall terminate alien's resident status if alien's qualifying marriage was "judicially annulled or terminated" before alien's second anniversary of obtaining such status).

Regarding Jiang's challenge to the BIA's determination that he was not entitled to cancellation of removal under the special rule for abused spouses, the Attorney General may cancel the removal of an alien if he can demonstrate that he "has been battered or subjected to extreme cruelty by a spouse or parent who is or was a United States citizen". 8 U.S.C. § 1229b(b)(2)(A)(i)(I). The alien must also meet a three-year physical presence requirement, must show good moral character, must not be removable for certain reasons not relevant here,

and must show that removal would result in "extreme hardship". *Id.* at § 1229b(b)(2)(A)(ii)–(v).

The determinations of "extreme cruelty" and "extreme hardship" are discretionary decisions that are shielded from judicial review by 8 U.S.C. § 1252(a)(2)(B). *Wilmore v. Gonzales*, 455 F.3d 524, 526-28 (5th Cir. 2006). On the other hand, our court may review "constitutional claims or questions of law". 8 U.S.C. § 1252(a)(2)(D). We look past an alien's framing of an issue, however, and will decline to consider "an abuse of discretion argument cloaked in constitutional garb . . . ." *Hadwani v. Gonzales*, 445 F.3d 798, 801 (5th Cir. 2006) (internal quotation marks, citation, and alteration omitted).

Jiang maintains the BIA abused its discretion and deprived him of due process by giving insufficient consideration and weight to evidence in his favor on issues of credibility, extreme cruelty, moral character, and extreme hardship. Such contentions, however, do not raise constitutional or legal issues. *See Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007) (finding no jurisdiction over a contention "that the IJ did not consider all of the relevant factors" in making a discretionary decision). Because Jiang challenges the weighing and consideration of the evidence, our court lacks jurisdiction to consider this challenge. *See id.*; 8 U.S.C. § 1229b(b)(2)(D).

Jiang also maintains the IJ's adverse-credibility findings were erroneous. Our court generally does not review the IJ's assessment of the alien's lack of credibility unless the finding is unsupported by the record or based on pure speculation. *Mwembie v. Gonzales*, 443 F.3d 405, 410 (5th Cir. 2006). In any event, we need not address the IJ's credibility findings because they did not form the basis for the resolution of any claim, and the IJ specifically found that, even if Jiang were credible, he had failed to show extreme cruelty.

DENIED.