**Venkatakrishna ACHARYA, Petitioner**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

No. 14–60206.

United States Court of Appeals, Fifth Circuit.

July 16, 2014.

Imran B. Mirza, Esq., Houston, TX, for Petitioner.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Christina Bechak Parascandola, Esq., Trial Attorney, Tangerlia Cox, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM: *

Petitioner Venkatakrishna Acharya has petitioned this court to review the order of the Board of Immigration Appeals ("BIA"), in which the BIA concluded that Acharya failed to demonstrate that he had been battered or subjected to extreme cruelty by his wife, or that his removal would result in extreme hardship, under 8 U.S.C. § 1229b(b)(2).[1] The government moves to dismiss Acharya's petition on the basis that we lack jurisdiction, contending that the BIA's determinations of "extreme cruelty" and "extreme hardship" are discretionary and shielded from judicial review under 8 U.S.C. § 1252(a)(2)(B)(i).[2] Acharya opposes the motion. He concedes that we have previously ruled that the BIA's "extreme cruelty" and "extreme hardship" determinations are discretionary and non-reviewable, *see Wilmore v. Gonzales*, 455 F.3d 524, 528 (5th Cir.2006), but requests that we revisit the issue in light of his arguments and the Supreme Court's decision in *Kucana v. Holder*, 558 U.S. 233, 130 S.Ct. 827, 175 L.Ed.2d 694 (2010).

We conclude that *Kucana* has no bearing on our holding in *Wilmore*, nor does it affect our decision here. *Kucana* concerned the application of 8 U.S.C. § 1252(a)(2)(B)(ii), rather than § 1252(a)(2)(B)(i). Specifically, the Court considered "whether the proscription of judicial review stated in § 1252(a)(2)(B) applies not only to Attorney General determinations made discretionary by statute, but also to determinations declared discretionary by the Attorney General himself through regulation." 558 U.S. at 237, 130 S.Ct. 827. The regulation at issue in *Kucana* dealt with a petitioner's ability to file a motion to reopen his case. *Id.* at 239, 130 S.Ct. 827. Here, we are not dealing with a determination "declared discretionary by the Attorney General ... through regulation." Rather, we are presented

---

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. Section 1229b(b)(2), entitled the "Special rule for battered spouse or child," provides that the Attorney General "may cancel removal" of a deportable alien if the alien meets the following five requirements, in relevant part:

    (i)(I) the alien has been **battered or subjected to extreme cruelty** by a spouse or parent who is or was a United States citizen ...;

    ...

    (ii) the alien has been physically present in the United States for a continuous period of not less than 3 years immediately preceding the date of such application ...;

    (iii) the alien has been a person of good moral character during such period ...;

(iv) the alien is not inadmissible under paragraph (2) or (3) of section 1182(a) of this title, is not deportable under paragraphs (1)(G) or (2) through (4) of section 1227(a) of this title, subject to paragraph (5), and has not been convicted of an aggravated felony; and

(iv) the removal would result in **extreme hardship** to the alien, the alien's child, or the alien's parent.

8 U.S.C. § 1229b(b)(2)(A)(i)(I)–(v) (2006) (emphases added).

2. 8 U.S.C. § 1252(a)(2)(B), entitled "Denials of discretionary relief," provides that "no court shall have jurisdiction to review ... any judgment regarding the granting of relief under ... 1229b...." *Id.* § 1252(a)(2)(B) & (B)(i) (2005).

with a question that falls squarely under a listed provision of § 1252(a)(2)(B)(i), and which is addressed by our precedent.[3] *See Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir.2008) ("It is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our *en banc* court.").

For the foregoing reasons, we GRANT the government's motion to dismiss.

---

**3.** We also note that our holding in *Wilmore* remains the majority rule. *See Johnson v. Attorney Gen.*, 602 F.3d 508, 510–11 (3d Cir. 2010), *Stepanovic v. Filip*, 554 F.3d 673, 679 (7th Cir.2009), *Ramdane v. Mukasey*, 296 F. App'x 440, 448 (6th Cir.2008) (unpublished), *Perales–Cumpean v. Gonzales*, 429 F.3d 977, 982 (10th Cir.2005). *But see Hernandez v. Ashcroft*, 345 F.3d 824, 835 (9th Cir.2003).