# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 14-60605
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

September 30, 2015

Lyle W. Cayce
Clerk

GASPAR BONIFACIO MARCOS-CARDONA, also known as Angel Cardona-Rios,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

————————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 967 830

————————

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Gaspar Bonifacio Marcos-Cardona petitions this court for review of the Board of Immigration Appeals's (BIA) decision dismissing his appeal of the Immigration Judge's (IJ) discretionary denial of cancellation of removal. He argues that this court has jurisdiction because he raises questions of law. Marcos-Cardona contends that the BIA and IJ failed to aggregate the hardship

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60605

factors he presented, which resulted in a violation of his due process rights and the right to present evidence. He also argues that the IJ and BIA failed to consider the impact of removal on his children's education. In addition, Marcos-Cardona contends that his son's speech impediment should have been given more consideration because his testimony in support of the speech impediment was credible. Finally, he argues that the IJ and BIA failed to render an individualized hardship determination as to each child.

Under 8 U.S.C. § 1252(a)(2)(B)(i), no court shall have jurisdiction to review any judgment relating to requests for relief under § 1229b. This provision does not, however, preclude review of constitutional claims or questions of law. § 1252(a)(2)(D); *see Wilmore, v. Gonzales*, 455 F.3d 524, 526 (5th Cir. 2006). But the alien's framing of an issue is not dispositive. We will decline to consider an abuse-of-discretion argument cloaked in constitutional or legal garb. *Hadwani v. Gonzales*, 445 F.3d 798, 801 (5th Cir. 2006); *Delgado-Reynua v. Gonzales*, 450 F.3d 596, 599-600 (5th Cir. 2006). That is the case here. Because Marcos-Cardona's arguments are nothing more than a disagreement with the weighing of the factors underlying the discretionary decision whether he merited cancellation of removal, we lack jurisdiction. *See Rueda v. Ashcroft*, 380 F.3d 831, 831 (5th Cir. 2003).

Accordingly, the petition is DISMISSED FOR LACK OF JURISDICTION.