# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 8, 2025

Lyle W. Cayce
Clerk

————————

No. 24-60487

————————

BARUCH SIMANTOV,

*Petitioner*,

*versus*

PAMELA BONDI, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A200 769 917

————————————————————

Before JONES, STEWART, and RAMIREZ, *Circuit Judges*.

CARL E. STEWART, *Circuit Judge*:

Petitioner Baruch Simantov seeks review of a decision of the Board of Immigration Appeals ("BIA") that affirmed an order of the Immigration Judge ("IJ") denying his applications for cancellation of removal under 8 U.S.C. §§ 1229b(b)(1), (2). For the following reasons, the petition for review is DENIED.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner Simantov is a native of Uzbekistan and a citizen of Israel. He was admitted to the United States on a visitor's visa in June 2009. In

No. 24-60487

December 2009, he married a United States citizen, and the couple had two United States citizen children, born in 2013 and 2015. In 2009, his visitor visa expired, and he was placed in removal proceedings in 2011. He admitted the allegations in the notice to appear, conceded removability, and was ordered removed. He then sought to adjust his status based on his marriage to a United States citizen. But he and his wife divorced in 2017, and the petition was withdrawn. Consequently, he sought two forms of relief from removal: (1) cancellation of removal for certain nonpermanent residents who are otherwise qualified and can demonstrate that their removal would cause exceptional and extremely unusual hardship to a qualifying United States citizen relative, *see* 8 U.S.C. § 1229b(b)(1); and (2) special cancellation of removal under the Violence Against Women Act ("VAWA") for noncitizens who are otherwise qualified and can demonstrate that they were subjected to battery or extreme cruelty by their United States citizen spouse, *see* 8 U.S.C. § 1229b(b)(2).

During the merits hearing on his applications for cancellation of removal, Simantov testified that his relationship with his ex-wife was good at first but began deteriorating when his mother-in-law moved in with them after the birth of their first child.[1] His ex-wife then began treating him badly after her business started to fail. According to Simantov, she would threaten to have him deported, called him names, and bullied him. Then, when they began divorce proceedings, she intentionally provided the family court with a false address for Simantov and obtained a default divorce decree that, to his dismay, awarded her full custody of the children. He stated that he never filed a police report about his ex-wife's treatment of him because she told him that the police would not believe him. He also claimed to have attended one

---

[1] Simantov was the only witness to testify at the merits hearing.

2

marital counseling session but stated that the record of his visit was lost during a flood.

Simantov further testified that his eldest daughter took medication for a medical condition, had weak bones, attended physical therapy once a week, and that her condition would worsen without treatment. He did not, however, know what her medical condition was called, and he was unable to provide her medical records. He further testified that he believed that his children would suffer emotionally if he was removed to Israel, but he conceded that he had only seen them three times since the divorce and only called them regularly.

He also claimed that he paid $400 per month in child support, but he could not provide proof of his payments. He explained that his ex-wife quit working to take care of their oldest child and home school both of their daughters, so if he was removed, they would suffer financially because he would not be able to pay child support. He went on to state that his children and ex-wife lived with her sister and did not pay rent, but they only received a limited amount of government assistance and thus relied on the financial support that he provided.

He further testified that while he was married, his ex-wife filed tax returns for both of them. However, when he opened a business in 2019, he started paying taxes individually. Again, however, he claimed that he was unable to provide copies of his tax returns because he did not have time to obtain them.

The IJ denied Simantov's application for withholding of removal but granted his request for voluntary departure. The IJ determined that his testimony, though credible, was not sufficient to meet his burden of proof, and that he should have submitted reasonably available corroborating evidence in support of his application for cancellation of removal.

No. 24-60487

Specifically, the IJ found that Simantov should have provided medical records for his oldest daughter, proof that he paid child support, and proof that he paid income taxes while in the United States. Although counsel for Simantov argued that he could not produce those documents because his ex-wife refused to provide them, the IJ disagreed, citing Simantov's testimony that he simply forgot to gather the documents in time for his hearing.[2] Regarding his application for cancellation of removal on hardship grounds, the IJ concluded that Simantov failed to show that his United States citizen daughters would suffer exceptional and extremely unusual hardship if he was removed. *See* 8 U.S.C. § 1229b(b)(1). With respect to his application for cancellation of removal for battered spouses, the IJ reasoned that Simantov's ex-wife's actions were distasteful but did not rise to the level of battery or extreme cruelty. *See* 8 U.S.C. § 1229b(b)(2).

The BIA affirmed the IJ's decision denying Simantov's applications for cancellation of removal, agreeing that his ex-wife's actions did not rise to the level of battery or extreme cruelty as required under the statute. The BIA also rejected Simantov's argument that his ex-wife's actions, in the aggregate, illustrated a pattern of violence that would result in mental injury under the statute. The BIA then adopted and affirmed the IJ's finding that the Simantov failed to show that his removal would result in exceptional and extremely unusual hardship to his two United States citizen daughters. It noted that he failed to produce any evidence that his eldest daughter suffered from a serious medical condition or that treatment would not be reasonably available to her if he was removed and could not pay child support, observing that "economic hardship is common when a parent is removed to another

---

[2] The IJ also observed that Simantov failed to make the required showing to establish his good moral character. The BIA, however, did not rely on that determination in reaching its decision.

4

country." The BIA declined to consider Simantov's remaining arguments given its dispositive holdings on his applications for cancellation of removal. Simantov timely filed this petition for review. *See* 8 U.S.C. § 1252(b)(1).

## II. JURISDICTION & STANDARD OF REVIEW

We review the decision of the BIA and will consider the IJ's decision only to the extent it influenced the BIA. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). Generally, we review questions of law de novo and factual findings for substantial evidence. *Id.* Under the substantial evidence standard, the noncitizen "must show that the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009).

Pursuant to § 1252(a)(2)(B)(i), this court lacks jurisdiction to review "any judgment regarding the granting of" certain types of discretionary relief, including cancellation of removal under 8 U.S.C. § 1229b. *Wilkinson v. Garland*, 601 U.S. 209, 218 (2024). However, § 1252(a)(2)(D) exempts "constitutional claims" and "questions of law" from the jurisdictional bar of § 1252(a)(2)(B)(i). 8 U.S.C. § 1252(a)(2)(D); *see Patel v. Garland*, 596 U.S. 328, 339 (2022). As a result, 8 U.S.C. § 1252(a)(2)(B)(i) divests courts of "jurisdiction to review facts found as part of discretionary-relief proceedings under" the enumerated provisions in § 1252(a)(2)(B)(i), including § 1229b. *Patel*, 596 U.S. at 331 (explaining that factual findings that underlie a denial of discretionary relief remain unreviewable); *see Wilkinson*, 601 U.S. at 225 ("The facts underlying any determination on cancellation of removal therefore remain unreviewable."). Nevertheless, as the Supreme Court held in *Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 225, 227–28 (2020), mixed questions of law and fact fall within the statutory definition of questions of law in § 1252(a)(2)(D) and are therefore reviewable. There, the Court explained, "the statutory phrase 'questions of law' includes the application

No. 24-60487

of a legal standard to undisputed or established facts." *Id.* at 227. The Court more recently clarified in *Wilkinson* that the question of whether an established set of facts satisfies the legal standard of exceptional and extremely unusual hardship is reviewable as a mixed question of law and fact under § 1252(a)(2)(D). 601 U.S. at 216–17.

## III. DISCUSSION

On appeal, Simantov contends that the BIA erred in affirming the IJ's decision denying his applications for cancellation of removal under 8 U.S.C. §§ 1229b(b)(1), (2). He argues that his testimony alone was sufficient to establish his eligibility for cancellation removal on hardship grounds and that no corroboration was necessary to sustain his burden of proof. He also challenges the BIA's determination that he failed to establish that his wife's actions rose to the level of battery and extreme cruelty under the statute. We address each of his arguments in turn.

*A. Cancellation of Removal Under 8 U.S.C. § 1229b(b)(1) (Hardship to a Qualifying Relative)*

Simantov contends on appeal that his testimony at the merits hearing was "more than sufficient" to satisfy the statutory requirements to show that his removal would result in exceptional and extremely unusual hardship to his oldest daughter due to her medical condition and to both of his daughters due to his financial support. *See* 8 U.S.C. § 1229b(b)(1). We disagree.

To apply for cancellation of removal under 8 U.S.C. § 1229b(b)(1), the applicant must first show that he meets the applicable statutory eligibility requirements. *Linares-Rivas v. Bondi*, 139 F.4th 454, 457 (5th Cir. 2025); *see also Wilkinson*, 601 U.S. at 213; 8 U.S.C. § 1229a(c)(4)(A). In addition to other criteria, the applicant must show proof of "good moral character" and that his removal would result in "exceptional and extremely unusual hardship to" a qualifying relative, including a child or parent who is a United

States citizen or lawful permanent resident. *Wilkinson*, 601 U.S. at 213 (quoting 8 U.S.C. §§ 1229b(b)(1)(A)–(D)). "Where the immigration judge determines that the applicant should provide evidence which corroborates otherwise credible testimony, such evidence must be provided unless the applicant demonstrates that the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1229a(c)(4)(B). "The failure to present such evidence can be fatal to [a noncitizen's] application for relief." *Avelar-Oliva v. Barr*, 954 F.3d 757, 764 (5th Cir. 2020).

To be awarded relief after meeting the statutory requirements, however, the applicant must also show that he "merits a favorable exercise of discretion." *Wilkinson*, 601 U.S. at 213. "In other words, even if the applicant meets the eligibility requirements, his application may still be denied as a matter of discretion." *Linares-Rivas*, 139 F.4th at 457 (citations omitted).

Here, the BIA affirmed the IJ's finding that Simantov failed to establish eligibility for relief under the statute because he cited to no corroborating record evidence in support of his hardship arguments such as his daughter's medical records, proof that he paid child support, his tax returns, or any other documentation showing that either of his children rely on his support or that medical treatment would not be reasonably available to his older daughter if he was removed. This hardship determination was not discretionary because the IJ held that Simantov did not satisfy the statutory eligibility criteria and thus never reached the second step of determining whether to exercise discretion in Simantov's favor by cancelling his removal. *Wilkinson*, 601 U.S. at 218 ("Because the IJ held that [the qualifying relative's] hardship did not satisfy the statutory eligibility criteria, he never reached the second step and exercised his unreviewable discretion to cancel or decline to cancel [the petitioner's] removal."). Thus, we have jurisdiction to review the BIA's holding that Simantov failed to meet the statutory

eligibility criteria for cancellation of removal on hardship grounds under 8 U.S.C. § 1229b(b)(1) because it is a mixed question of law and fact subject to our review under § 1252(a)(2)(D). *See Wilkinson*, 601 U.S. at 212 ("The application of a statutory legal standard (like the exceptional and extremely unusual hardship standard) to an established set of facts is a quintessential mixed question of law and fact. *Guerrero-Lasprilla v. Barr* held that such questions are reviewable under § 1252(a)(2)(D). [589 U.S. at 225]"); *Cuenca-Arroyo v. Garland*, 123 F.4th 781, 784 (5th Cir. 2024) (acknowledging that "[i]n *Wilkinson*, the Supreme Court clarified that § 1229b(b)(1)(D)'s 'exceptional and extremely unusual hardship' standard is a mixed question of law and fact subject to our review under § 1252(a)(2)(D)"). Our review is deferential, however, because the mixed question of law and fact presented here is primarily factual. *See Cuenca-Arroyo*, 123 F.4th at 784.[3]

Simantov avers on appeal that his testimony alone was "more than sufficient" to satisfy the statutory requirements but his contention is belied by the record which confirms that he has provided nothing more than his uncorroborated testimony in support of his claims. When the IJ asked Simantov at the merits hearing why he did not produce supporting documentation, he gave a variety of responses such as that he forgot to locate the documents, he ran out of time to locate them, he forgot to remind his ex-wife to provide them to him, his ex-wife intentionally withheld them, they were lost in a flood, he used cash and thus there was no record available, or the bank did not retain the records of his transactions. Our review of the record thus supports the IJ's and BIA's conclusions that Simantov failed to

---

[3] The *Wilkinson* Court explained that our review of mixed questions of law and fact must be "more deferential" than our review of pure questions of law but did not specify the exact standard of review to be used in these circumstances. 601 U.S. at 222. Nonetheless, we need not determine what degree of deference we owe to the BIA's determination on hardship grounds because we agree with it even without deference.

provide corroborating evidence in support of his testimony regarding his daughter's medical condition or showing that his children rely on his financial support. His failure to produce this reasonably available corroborating evidence as requested by the IJ was thus "fatal" to his applications for relief. *Avelar-Oliva*, 954 F.3d at 764.

As the BIA noted, economic hardship is common when a parent is removed to another country. But here, Simantov has not shown that his removal would result in a hardship "substantially different from or beyond that which would ordinarily be expected from the deportation of a close family member." *Cuenca-Arroyo*, 123 F.4th at 785 (quoting *Wilkinson*, 601 U.S. at 222). Thus, we agree that Simantov has not demonstrated sufficient hardship and uphold the BIA's determination that he failed to establish eligibility for relief under 8 U.S.C. § 1229b(b)(1). Accordingly, we deny his petition regarding the BIA's cancellation-of-removal determination on hardship grounds.

### B. *Special Cancellation of Removal Under 8 U.S.C. § 1229b(b)(2) (VAWA)*

Simantov contends on appeal that he is eligible for special cancellation of removal under VAWA because he "has shown through testimony that his ex-wife's actions rose to the level of battery or extreme cruelty." To support his argument, he points to the merits hearing where he testified that his ex-wife threatened to have him deported, called him names, and bullied him. He further underscores his testimony that she used dishonest means to obtain a default divorce decree that awarded her full custody of their children.

Under 8 U.S.C. § 1229b(b)(2)(A), an applicant for VAWA-cancellation is required to show that he: (1) has been battered or subjected to extreme cruelty by a United States citizen or lawful permanent resident; (2) has been physically present in the United States for three years immediately

preceding the application; (3) has been a person of good moral character; (4) has not been convicted of certain criminal offenses; and (5) that removal of the applicant would result in extreme hardship to the noncitizen or to a child or parent. If the applicant meets these statutory eligibility criteria, the IJ must then decide whether to exercise discretion favorably toward the applicant and grant relief in his particular case. *Wilkinson*, 601 U.S. at 212–13. "A noncitizen bears the burden of proving that he both satisfies the applicable eligibility requirements and merits a favorable exercise of discretion." *Id.* at 213.

As with his claim for relief on hardship grounds, the IJ again held that Simantov failed to provide corroborating record evidence in support of his VAWA claims. Specifically, the IJ pointed out that Simantov had assistance of counsel and was placed on notice of the need to obtain supporting evidence for his case yet still failed to provide records of any kind—medical, psychological, counseling or otherwise. On that basis, the IJ determined that Simantov's "testimony alone [was] insufficient to meet his burden of proof, and that corroboration should have been provided."

The BIA upheld the IJ's decision, observing that Simantov's ex-wife's actions, while condemnable, did not rise to the level of "battery or extreme cruelty" as required for special rule cancellation of removal. It further explained that the corroborating documents that Simantov failed to

provide would not have changed its determination.[4] Finally, it noted that it was unpersuaded by Simantov's argument that his ex-wife's actions, in the aggregate, illustrated a pattern of violence that would result in mental injury because he failed to cite to record evidence or testimony establishing such an injury.

Again, we must first consider whether we have jurisdiction. In *Wilmore v. Gonzales*, 455 F.3d 524, 526 (5th Cir. 2006), we explained that we "lack[] jurisdiction to review discretionary decisions under § 1229b but retain[] jurisdiction over purely legal and nondiscretionary questions." (citing *Mireles-Valdez v. Ashcroft*, 349 F.3d 213, 215–16 (5th Cir. 2003)). There, we noted that "the term 'extreme cruelty' is not self-explanatory and that reasonable men could differ as to its meaning" and "[a]lthough the extreme cruelty definition provides some guidance in making this determination, it certainly does not remove the discretion afforded by Congress." *Id*. at 527–28. We then held that we lacked jurisdiction to review the determination that an applicant failed to show that he was battered or subjected to extreme cruelty because that was a discretionary determination. *Id*. at 528.

The Government argues that "*Wilmore* has been overtaken by subsequent Supreme Court cases addressing jurisdiction over final orders of removal." According to the Government, because there is no dispute in the

---

[4] Simantov asserts in his principal brief that the BIA acknowledged that the IJ erred in denying his applications for cancellation of removal for failure to provide corroborating evidence. He is mistaken. Rather, the BIA merely stated that it acknowledged "*respondent's argument* that the [IJ] erred in denying his application for special rule cancellation of removal due to his failure to provide corroborating evidence." It then went on to affirm the IJ's decision, commenting that the missing documentary evidence, even if presented, would not change its determination.

No. 24-60487

record over the facts that Simantov alleges support his claim for VAWA-cancellation relief, the facts are undisputed and established. Thus, under *Guerrero-Lasprilla*, we have jurisdiction to review the BIA's determination that Simantov failed to meet the standard for cancellation of removal under 8 U.S.C. § 1229b(b)(2) as a mixed question of law and fact. *See* 589 U.S. at 225.

We agree that the Supreme Court's recent holdings have abrogated our holding in *Wilmore*. *See In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 792 (5th Cir. 2021) ("In basic terms, then, a Fifth Circuit precedent is implicitly overruled if a subsequent Supreme Court opinion establishes a rule of law inconsistent with that precedent."). As the Supreme Court reasoned in *Wilkinson*, 601 U.S. at 212, the application of a statutory legal standard to an established set of facts "is a quintessential mixed question of law and fact" that *Guerrero-Lasprilla* held was reviewable under § 1252(a)(2)(D). 589 U.S. at 225 (explaining that the phrase "questions of law" in § 1252(a)(2)(D) "includes the application of a legal standard to undisputed or established facts"); *see also Patel*, 595 U.S. at 343 (rejecting the argument that only discretionary judgments are covered by § 1252(a)(2)(B)(i)). Thus, under these cases, we conclude that we have jurisdiction to review, as a mixed question of law and fact, the BIA's holding that the facts alleged by Simantov failed to meet the standard for cancellation of removal on VAWA grounds under 8 U.S.C. § 1229b(b)(2).[5] Although our review is deferential because the mixed question of law and fact presented here is primarily factual, we once again agree with the BIA's conclusion even in the absence of a

---

[5] The Eleventh Circuit has reached the same conclusion. *See Ruiz v. U.S. Att'y Gen.*, 73 F.4th 852, 856 (11th Cir. 2023) ("We conclude that we also have jurisdiction to consider the question whether [the Petitioner's] particular case meets the statutory standard.").

No. 24-60487

deferential review.[6] *See also Wilkinson*, 601 U.S. at 225 ("Mixed questions of law and fact, even when they are primarily factual, fall within the statutory definition of 'questions of law' in § 1252(a)(2)(D) and are therefore reviewable.").

Here, there is no dispute in the record over the facts that Simantov alleges support his claim for VAWA-cancellation relief. Simantov merely challenges the BIA's conclusion that he failed to meet the standard for VAWA-cancellation based on the facts he provided in his testimony. The facts, therefore, are undisputed and established as the Government contends. With respect to battery or extreme cruelty, the Code of Regulations provide:

> For purposes of this chapter, the phrase "was battered by or was the subject of extreme cruelty" includes, but is not limited to, being the victim of any act or threatened act of violence, including any forceful detention, which results or threatens to result in physical or mental injury. Psychological or sexual abuse or exploitation, including rape, molestation, incest (if the victim is a minor), or forced prostitution shall be considered acts of violence. Other abusive actions may also be acts of violence under certain circumstances, including acts that, in and of themselves, may not initially appear violent but that are a part of an overall pattern of violence.

8 C.F.R. § 204.2(c)(1)(vi). Our plain reading of this statutory language reveals that it describes a range of conduct that surpasses Simantov's ex-wife's conduct in this case. Indeed, although threats of deportation, name-calling, bullying, and manipulating the outcomes of child custody disputes are reprehensible acts in any context, they are a far cry from the acts of

---

[6] As we explained previously in our analysis of special cancellation on hardship grounds, it is unnecessary for us to determine what degree of deference we owe to the BIA's determination on VAWA-cancellation grounds because we agree that Simantov failed to meet the standard even without deference.

No. 24-60487

physical violence, rape, and forceful detention that are described in the statute. Thus, we agree with the BIA that although Simantov's ex-wife's actions were condemnable, they did not rise to the level of battery or extreme cruelty as required by the statute. 8 U.S.C. § 1229b(b)(2)(A). Accordingly, we deny his petition as to the BIA's cancellation-of-removal determination on VAWA grounds.[7] 8 U.S.C. § 1229b(b)(2)(A).

## IV. Conclusion

For the foregoing reasons, the petition for review is DENIED.

---

[7] Although Simantov claimed in the proceedings below and again on appeal that there was a "stipulation" as to a finding of extreme cruelty or battery in the record, we agree with the BIA that the record does not reflect such a stipulation. We thus reject his argument that "[i]t is clear that both parties agree that [Simantov] experienced extreme cruelty at the hands of his ex-wife [and] the only issue for dispute was the corroborating evidence."