

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-5-2009

# Ogundoju v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1368

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Ogundoju v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1778.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1778

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-1368
_____

OLUWAFUNMILAYO OGUNDOJU,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

Initially Docketed as an Appeal from the
United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 01-CV-00680)
Converted to a Petition for Review
Pursuant to the REAL ID Act of 2005
Agency No. A39 039 008
Immigration Judge: Charles Honeyman

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 30, 2008
Before: BARRY, SMITH and HARDIMAN, *Circuit Judges*

(Opinion filed: March 5, 2009)
_____

AMENDED OPINION
_____

PER CURIAM

This matter originally came to our Court as an appeal of an order of the United

States District Court for the Middle District of Pennsylvania, which had denied

Oluwafunmilayo Ogundoju's petition for a writ of habeas corpus. Due to the passage of

the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, while the appeal was pending, we

will vacate the District Court's decision, convert Ogundoju's habeas petition into a

petition for review, and transfer the matter to the District Court for a new hearing

regarding Ogundoju's claim of derivative United States citizenship under since-repealed 8

U.S.C. § 1432(a).[1]

I.

Because we write primarily for the parties, we need not describe all the facts and

the long procedural history. In brief, Ogundoju entered the United States as a lawful

---

[1] This statute provided, in pertinent part:

A child born outside of the United States of alien parents, or of an alien parent and a citizen parent who has subsequently lost citizenship of the United States, becomes a citizen of the United States upon fulfillment of the following conditions:
. . .

(3) The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents . . . ; and if

(4) Such naturalization takes place while such child is under the age of eighteen years; and

(5) Such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent . . . naturalized under clause . . . (3) of this subsection, or thereafter begins to reside permanently in the United States while under the age of eighteen years.

8 U.S.C. § 1432(a) (1999), repealed by CCA, § 103, Pub.L. No. 106-395, 114 Stat. 1631.

permanent resident in 1989 at the age of 15.  Dkt. #66, Exh. B.  He states that he was then in the sole custody of his father, who was already a naturalized citizen, and that his father and mother divorced many years earlier.  In 1996 and 1997, Ogundoju was convicted of two drug crimes, and he was placed in removal proceedings on the basis of those convictions.  Id.

In the meantime, Ogundoju filed an N-600 form, Application for Certificate of Citizenship, claiming he derived United States citizenship from his father.  The application was denied on May 3, 1999 because of a lack of evidence that his parents had been married and divorced.  Dkt. #66, Exh. D.  Ogundoju's two requests for consideration were denied; see Dkt. #66, Exhs. F and G; and his appeal to the Administrative Appeals Unit (AAU) was denied on February 29, 2000; see Dkt. #66, Exh. H.

On July 13, 2000, the Immigration Judge (IJ) ordered Ogundoju removed in absentia, as neither he nor his attorney was present for a hearing before the IJ.  Dkt. #66, Exh. I.  Ogundoju sought reopening, but the IJ rejected his contention that he had not received notice of the removal hearing and denied his motion, noting that Ogundoju was present and informed of his hearing date.  Dkt. #66, Exh. J.  Ogundoju did not appeal to the Board of Immigration Appeals (BIA).  Instead, he filed a habeas petition in the District Court, which he later amended to include his claim of derivative citizenship.

The District Court determined that it had jurisdiction to consider constitutional and legal claims involving a criminal alien's citizenship claim in the context of a habeas

proceeding, but determined that it lacked jurisdiction to decide disputed questions of fact. As both Ogundoju and the Government recognized that there was a disputed issue; i.e., whether Ogundoju's father took custody of him following a legal separation, the District Court declined to resolve the citizenship issue. Dkt. #112. Ogundoju filed a timely appeal. Dkt. #114.

On March 31, 2005, this Court granted Ogundoju's motion for a stay of removal, and asked the parties to brief three issues: "(i) whether a district court's habeas jurisdiction includes the authority to decide a claim that a petitioner is a citizen of the United States; (ii) if so, whether a habeas court deciding a citizenship claim may resolve disputed issues of fact; and (iii) whether Appellant sufficiently exhausted his claim that he is a United States citizen." Less than two months later, the REAL ID Act became effective. As we have converted the habeas petition to a petition for review, the need to decide the District Court's habeas jurisdiction and the scope of its jurisdiction in that context is obviated. *Jordon v. Attorney General*, 424 F.3d 320, 325 (3d Cir. 2005).

## II.

The remaining legal issue is exhaustion. The question of whether a person is an alien is an essential jurisdictional fact: the Government lacks the authority to remove a person unless he or she is an alien. *Ng Fung Ho v. White*, 259 U.S. 276, 284 (1922). Because we are reviewing a final order of removal of a purported alien, "[u]ntil the claim of citizenship is resolved, the propriety of the entire proceeding is in doubt." *Frank v.*

4

*Rogers*, 253 F.2d 889, 890 (D.C. Cir. 1958). Further, although "the exhaustion requirement of 8 U.S.C. § 1252(d) is jurisdictional," *Popal v. Gonzales*, 416 F.3d 249, 252 (3d Cir. 2005), the exhaustion doctrine applies by its terms only to aliens. 8 U.S.C. § 1252(d)(1). If Ogundoju is, as he claims, actually a United States citizen, the immigration laws – including their requirement of administrative exhaustion – do not apply to him. Other circuit courts of appeal have thus held that a citizenship claim can be heard without regard to whether the person bringing the claim has exhausted administrative remedies. *See*, *e.g.*, *Poole v. Mukasey*, 522 F.3d 259, 264 (2d Cir. 2008); *Omolo v. Gonzales*, 452 F.3d 404, 407 (5th Cir. 2006); *Theagene v. Gonzales*, 411 F.3d 1107, 1110 (9th Cir. 2005); *Moussa v. I.N.S.*, 302 F.3d 823, 825 (8th Cir. 2002). We thus find that we have jurisdiction to consider Ogundoju's citizenship claim and must entertain that claim before § 1252(d)(1) can be applied.

We may not decide the merits of Ogundoju's claim, however, because, as the parties recognize, there remains a genuine issue of material fact, which must be resolved by the District Court in the first instance. 8 U.S.C. § 1252(b)(5)(B). We will therefore hold the petition in abeyance and transfer the matter to the District Court for a new hearing on the citizenship claim.