PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 07-2820

———

WILFRED BRENTNOL JOHNSON,
                              Petitioner
                  v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent

———

Petition for Review of the Order
of the Board of Immigration Appeals
(A73-197-795)
Immigration Judge: Hon. Mirlande Tadal

———

Submitted Under Third Circuit LAR 34.1(a)
April 12, 2010

Before: SLOVITER, NYGAARD, Circuit Judges, and
RESTANI*, Judge

(Filed April 16, 2010 )

———

Ransford B. McKenzie
Suite 511, 105 Court Street
Brooklyn, N.Y.  11201

   Attorney for Petitioner

---

   * Hon. Jane A. Restani, Chief Judge, United States Court of
International Trade, sitting by designation.

John S. Hogan
Kathleen J. Kelly
Briena L. Strippoli
United States Department of Justice
Office of Immigration Litigation, Civil Division
P.O. Box 878
Ben Franklin Station
Washington, D.C. 20044

Attorneys for Repondent

———

OPINION OF THE COURT

———

SLOVITER, *Circuit Judge*.

Petitioner Wilfred Johnson, a citizen of Guyana, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the decision by the Immigration Judge ("IJ") to deny his application for cancellation of removal under § 240A(b)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b)(2). We will dismiss for lack of jurisdiction.

## I.

## BACKGROUND

Johnson is a native and citizen of Guyana who entered the United States in or about March 1995, without inspection. In February 2003, Johnson married a United States citizen, with whom he has two young children. Johnson's wife filed and obtained approval of an Alien Relative Petition, which permitted his presence in the United States.

After briefly returning to Guyana, Johnson returned and was paroled into the United States in July 2005 as an applicant for legal permanent residence. However, by March 2006, Johnson's marriage began to deteriorate and he left the marital home. Meanwhile, Johnson's wife withdrew the Alien Relative Petition, commenced divorce proceedings, and obtained a

2

restraining order preventing Johnson from visiting his young children.

Based on the allegations made by Johnson's wife in obtaining the restraining order, he was taken into custody by the Bureau of Immigration and Customs Enforcement ("ICE"). While in custody, Johnson was served with a Notice to Appear and charged with removability "in that [he] was not in possession of a valid unexpired immigrant Visa, reentry permit, border crossing card, or valid entry document required by the Immigration and Nationality Act." App. at 44. The IJ deemed Johnson "removable pursuant to the charge set forth in the Notice to Appear." App. at 47.

About one month later, Johnson filed an application in the Immigration Court for cancellation of removal under the Special Rule for Battered Spouses. *See* 8 U.S.C. § 1229b(b)(2).[1]

---

[1] Section 1229b(b)(2), titled the "Special rule for battered spouse or child," allows the Attorney General to cancel removal of a deportable alien if the alien meets five threshold requirements:

(i) the alien has been battered or subjected to extreme cruelty by a spouse or parent who is or was a United States citizen . . . ;

(ii) the alien has been physically present in the United States for a continuous period of not less than 3 years immediately preceding the date of such application . . . ;

(iii) the alien has been a person of good moral character during such period . . . ;

(iv) the alien is not inadmissible under paragraph (2) or (3) of section 1182(a) of this title, is not deportable under paragraphs (1)(G) or (2) through (4) of section 1227(a) of this title, subject to paragraph (5), and has not been convicted of an aggravated felony; and

(v) the removal would result in extreme hardship to the

Thereafter, the Immigration Court had a hearing at which Johnson testified in support of his application. He testified that his wife mistreated him by making baseless allegations against him and depriving him of access to their two children. Johnson claimed that his wife's actions amounted to extreme cruelty and that if he is subject to removal, his children will suffer.

The IJ denied Johnson's application for cancellation of removal. The BIA affirmed and dismissed Johnson's appeal. Johnson then petitioned this court to review the BIA's order.

## II.

## ANALYSIS

Johnson contends that "[t]he BIA has failed to meet its statutory duty in reviewing the IJ's decision." Pet'r's Br. at 6. The IJ found that Johnson had not established that he was battered by his wife, subjected to extreme cruelty by her, or that his removal would result in extreme hardship to himself, his children, or his wife. The BIA affirmed the IJ on the ground that Johnson "did not establish that he has been battered" by his wife. App. at 2.

Before reaching the merits of Johnson's claims, we must have jurisdiction to review the determinations of the IJ and BIA. Our jurisdiction is limited by section 242 of the INA, 8 U.S.C. § 1252(a)(2)(B)(i), which provides that "any judgment regarding the granting of relief under . . . [8 U.S.C. § 1229b]" is not subject to judicial review. Courts have interpreted a "judgment" as a discretionary decision.[2] It is settled in this circuit that we lack

alien, the alien's child, or the alien's parent.

8 U.S.C. § 1229b(b)(2)(A)(i)-(v) (2006).

[2] Some decisions regarding relief are simply objective, factual determinations, e.g., whether "the alien has been physically present in the United States for a continuous period of not less than 3 years," 8 U.S.C. § 1229b(b)(2)(A)(ii), or whether the alien has

4

jurisdiction over discretionary decisions regarding the granting of relief under 8 U.S.C. § 1229b. *See Mendez-Moranchel v. Ashcroft*, 338 F.3d 176, 178–79 (3d Cir. 2003) (finding that "[t]he determination of whether the alien has established the requisite hardship is a quintessential discretionary judgment" and not reviewable). However, we may review "constitutional claims or questions of law raised upon a petition for review . . . ." 8 U.S.C. § 1252(a)(2)(D).

In his brief, the Attorney General focuses on our lack of jurisdiction to review the "inherently subjective and therefore discretionary" decisions as to "extreme cruelty." Resp't's Br. at 5. We have not yet decided whether an IJ's determination that a petitioner was subjected to "extreme cruelty" is a discretionary decision. Four of the five circuits that have addressed this precise question have held that the extreme cruelty determination is discretionary and not subject to judicial review.[3] *See Stepanovic v. Filip*, 554 F.3d 673, 680 (7th Cir. 2009); *Wilmore v. Gonzales*, 455 F.3d 524, 528 (5th Cir. 2006); *Perales-Cumpean v. Gonzales*, 429 F.3d 977, 982 (10th Cir. 2005); *but see Hernandez v. Ashcroft*, 345 F.3d 824, 833–35 (9th Cir. 2003) (holding that the extreme cruelty determination is nondiscretionary and therefore reviewable).

---

been "convicted of an aggravated felony," *id.* § 1229b(b)(2)(A)(iv). Courts have determined that these matters are reviewable as they are not *judgments* regarding the granting of relief, i.e., they are nondiscretionary. *See, e.g.*, *Iddir v. INS*, 301 F.3d 492, 497 (7th Cir. 2002) (holding that 8 U.S.C. § 1252(a)(2)(B) "only bars review of actual discretionary decisions to grant or deny relief under [§ 1229b]"); *see also Pinho v. Gonzales*, 432 F.3d 193, 204 (3d Cir. 2005) ("Non-discretionary actions . . . and purely legal determinations . . . remain subject to judicial review.").

[3] The Sixth Circuit addressed the issue in a non-precedential opinion. *Ramdane v. Mukasey*, 296 F. App'x 440, 442 (6th Cir. 2008) (deciding that there is "no reason to believe that extreme cruelty" determinations are reviewable but reaching the merits nonetheless).

We agree with the majority. Congress has not defined "extreme cruelty"[4] or provided a legal standard for determining its existence for the purposes of § 1229b(b)(2). However, the Department of Homeland Security ("DHS") promulgated a regulation that defines "battery or extreme cruelty" as:

> includ[ing], but . . . not limited to, being the victim of any act or threatened act of violence, including any forceful detention, which results or threatens to result in physical or mental injury. Psychological or sexual abuse or exploitation, including rape, molestation, incest (if the victim is a minor), or forced prostitution shall be considered acts of violence. Other abusive actions may also be acts of violence under certain circumstances, including acts that, in and of themselves, may not initially appear violent but that are a part of an overall pattern of violence.

8 C.F.R. § 204.2(c)(1)(vi) (2006).

In its holding that the determination of extreme cruelty was discretionary, which deprived it of jurisdiction to review a cancellation of removal under § 1229b(b)(2), the Tenth Circuit stated that the definition of "battery or extreme cruelty" requires "consideration of many discretionary factors." *Perales-Cumpean*, 429 F.3d at 984. Of special importance to the Tenth Circuit's analysis was the language in the DHS regulation that "battery or extreme cruelty includes, but is not limited to" and "may . . . be acts of violence under certain circumstances," phrases which that court concluded provided "[c]onsiderable discretion." *Id.*

Similarly, the Fifth Circuit found that "[a]lthough the

---

[4]Although the BIA characterized the IJ's decision as finding that Johnson "did not establish that he has been battered," App. at 2, and did not mention the phrase "extreme cruelty," we focus on "extreme cruelty" because that and "extreme hardship" were the essence of Johnson's contentions in seeking cancellation of removal. He did not allege that his wife "battered" him, as that term is defined under the common law.

6

extreme cruelty definition provides some guidance . . . , it . . . does not remove the discretion afforded by Congress." *Wilmore*, 455 F.3d at 528. Following that line of authority, the Seventh Circuit found the matter discretionary, reasoning that the "IJ must determine the facts of a particular case, make a judgment call as to whether those facts constitute cruelty, and, if so, whether the cruelty rises to . . . a level that it can . . . be described as extreme." *Stepanovic*, 554 F.3d at 680.

These analyses are persuasive. In this case, the IJ had to determine whether the allegations Johnson's wife made against him in the divorce proceedings and in seeking a restraining order, as well as her deprivation of Johnson's access to his children, amounted to extreme cruelty. There is no objective standard by which this can be determined. "[A]n IJ does not determine extreme cruelty by simply plugging facts into a formula or applying an algorithm." *Stepanovic*, 554 F.3d at 680 (citation omitted). We also agree with the Fifth Circuit's conclusion that the term "extreme cruelty" is discretionary because it is "not self-explanatory and . . . reasonable men could differ as to its meaning." *Wilmore*, 455 F.3d at 527.

Johnson relies on *Hernandez*, where the Ninth Circuit held that extreme cruelty is nondiscretionary because it is a "measure of domestic violence that can . . . be assessed on the basis of objective standards." 345 F.3d at 834. However, that case analyzed an antecedent, albeit similar, statute that Congress has since repealed. One of the factors considered relevant by the Ninth Circuit was that the "extreme hardship" determination (as opposed to the extreme cruelty determination) was "specifically committed to 'the opinion of the Attorney General.'" *Id.* That provision does not appear in the current statute. Ultimately, though, we find the Ninth Circuit's reasoning less persuasive than that of the Tenth, Fifth, and Seventh Circuits.

Rather than focusing on whether or not "extreme cruelty" is a discretionary determination, Johnson seeks to cast his claims in legal and constitutional terms. As the Seventh Circuit stated, "[a] petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an . . . argument in constitutional garb . . . ." *Zamora-Mallari v. Mukasey*, 514 F.3d

7

679, 694 (7th Cir. 2008) (internal quotation marks and citation omitted). That is exactly what Johnson seeks to do. He cites no law that would support his position that the BIA's denial of his motion implicates legal or constitutional principles.

Even were we to assume jurisdiction, we would not be persuaded by Johnson's claim that merely amounts to a disagreement with the IJ's conclusion that his wife's treatment did not amount to extreme cruelty. We find nothing inadequate about the BIA's review of the IJ's decision.

Lastly, Johnson contends that the BIA's failure to address the potential hardship to his children raises a "colorable question of law." Pet'r's Br. at 13. This argument lacks merit. As the Attorney General notes, "the elements necessary to demonstrate eligibility for cancellation [of removal] are conjunctive [such that] . . . Johnson's inability to demonstrate extreme cruelty precludes him from" relief under the extreme hardship provision. Resp't's Br. at 20 n.7. Once it found the IJ's extreme cruelty determination to be sound, no further review was warranted by the BIA.

## III.

## CONCLUSION

For the above-stated reasons, we will dismiss the petition for review for lack of jurisdiction.