**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4834
_____

SHANE MARIO ENNIS, AKA Shane Ennis,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A047-926-763)
Immigration Judge:  Honorable Andrew R. Arthur

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 1, 2015

Before:  RENDELL, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed: July 1, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Shane Mario Ennis petitions for review of his final order of removal. We will deny the petition.

I.

Ennis was born in Jamaica and entered the United States as a lawful permanent resident in 2001. In 2013, he pleaded guilty to a charge of manufacturing less than 30 grams of marijuana in violation of 35 Pa. Stat. § 780-113(a)(30). The Government charged him as removable for having been convicted of a controlled substance violation. See 8 U.S.C. § 1227(a)(2)(B)(i).

Ennis conceded the charge. Before the Immigration Judge ("IJ"), Ennis initially claimed to have derived United States citizenship when his United States-citizen stepmother allegedly adopted him. After the IJ made appropriate inquiries into that claim, however, Ennis declined to pursue it. (A.R. 93.) Ennis also declined to apply for asylum or withholding of removal to Jamaica (A.R. 100-03), and he requested only cancellation of removal under 8 U.S.C. § 1229b(a). The IJ sustained the charge of removability and denied cancellation of removal on the independently dispositive grounds that (1) Ennis is ineligible for cancellation because he failed to meet his burden of proving that his marijuana offense is not an aggravated felony, see 8 U.S.C. § 1229b(a)(3),[1] and (2) even if Ennis were eligible, cancellation was not warranted in the exercise of discretion.

---

[1] The Government did not charge Ennis with removability based on conviction of an

2

Ennis appealed to the Board of Immigration Appeals ("BIA"). He did not file a brief, and the sole issue he raised in his notice of appeal was that he believed his conviction to be invalid because his counsel did not explain the immigration consequences of pleading guilty. (A.R. 38.) The BIA dismissed Ennis's appeal on the merits. In doing so, the BIA explained both that Ennis had not challenged the IJ's determination regarding removability or discretionary relief and that the pendency of any collateral challenge does not render a conviction non-final for immigration purposes. See Paredes v. Att'y Gen., 528 F.3d 196, 198-99 (3d Cir. 2008). Ennis petitions for review. We have jurisdiction to review final orders of removal under 8 U.S.C. § 1252.

II.

On review, Ennis has not raised the sole argument that he raised before the BIA, and we would reject it even if he did for the reasons the BIA explained. Instead, Ennis argues for the first time that (1) his conviction is not a removable controlled substance violation because it involved less than 30 grams of marijuana,[2] and (2) he is statutorily

aggravated felony, and thus did not attempt to meet what would have been its burden to prove that charge. See Syblis v. Att'y Gen., 763 F.3d 348, 357 (3d Cir. 2014). The IJ instead made his aggravated felony determination in the context of determining Ennis's eligibility for relief, and thus effectively found only that Ennis failed to meet his burden of proving that his conviction was not an aggravated felony. See id.

[2] By statute, "a single offense involving possession for one's own use of 30 grams or less of marijuana" is not a removable controlled substance violation. 8 U.S.C. § 1227(a)(2)(B)(i) (emphasis added). Ennis did not plead guilty to simple possession of marijuana in violation of 35 Pa. Stat. § 780-113(a)(16), but pleaded guilty instead to manufacturing marijuana in violation of 35 Pa. Stat. § 780-113(a)(30). (A.R. 217-18.)

3

eligible for cancellation of removal because his conviction does not constitute an aggravated felony. As the Government argues, we lack jurisdiction to review these issues because Ennis did not exhaust them before the BIA and the BIA did not reach them sua sponte. See 8 U.S.C. § 1252(d)(1); Castro v. Att'y Gen., 671 F.3d 356, 365 (3d Cir. 2012). We further note that we would not reach the aggravated felony issue even if Ennis had exhausted it because the IJ denied cancellation of removal on the independently dispositive ground that cancellation was not warranted in the exercise of discretion. Ennis has not challenged that ruling, and we generally lack jurisdiction to review the discretionary denial of cancellation in any event. See 8 U.S.C. § 1252(a)(2)(B)(i); Johnson v. Att'y Gen., 602 F.3d 508, 510 (3d Cir. 2010).

One final issue requires discussion. In his reply brief, and for the first time since electing not to proceed with the claim before the IJ, Ennis once again argues that he derived United States citizenship through his allegedly adoptive stepmother. We have not squarely addressed in a precedential opinion whether claims of citizenship are subject to the exhaustion requirement.[3] Even if they are not, we would not reach this issue. Ennis's admitted birth in Jamaica means that he bore the burden to prove his alleged United States citizenship. See Bagot v. Ashcroft, 398 F.3d 252, 256-57 (3d Cir. 2005).

---

[3] Compare Jordon v. Att'y Gen., 424 F.3d 320, 325 n.8 (3d Cir. 2005) (assuming that a claim of derivative citizenship was subject to the exhaustion requirement but not addressing that issue), with Ogundoju v. Att'y Gen., 316 F. App'x 129, 132 (3d Cir. 2009) (per curiam) (not precedential) (relying on authority from other Courts of Appeals in holding that a claim of derivative citizenship was not subject to the exhaustion

4

When Ennis first mentioned his citizenship claim to the IJ, the IJ immediately directed the Government to provide him with the form to file his claim, notified him of what he would have to prove, and continued his hearing. (A.R. at 77-79.) The IJ thereafter went to great lengths to assist Ennis in developing this claim, even going so far as to place a call to Ennis's father from the courtroom after Ennis claimed to require information he had difficulty obtaining while in detention. (A.R. 88-90.)

Ennis, however, ultimately declined the IJ's offer of a third continuance to seek evidence in support of this claim after testifying that it "wasn't legit" and that he was "like 85 percent sure" that his stepmother did not formally adopt him. (A.R. 92-93.) And over one and a half years after first raising this claim, Ennis still has not presented any evidence that his stepmother actually adopted him and does not otherwise argue that he has uncovered any support for this claim since declining to pursue it before the IJ. Under these circumstances, we see no reason to depart from our usual policy of declining to address issues raised for the first time in reply. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005).

For these reasons, we will deny the petition for review.

requirement).