**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 18-1766

---

JIBRIL M S KORMOH,
AKA Jibril Korman,
AKA Abraham Kormah,
AKA Jabril Kormah,
AKA Jabril Kormoh,
AKA Jabril Jallah,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

---

On Petition for Review of a Decision and Order of the
Board of Immigration Appeals

(Agency No. A077-845-656)

---

Submitted: January 22, 2019

Before: CHAGARES, and BIBAS, Circuit Judges, and SÁNCHEZ, Chief District Judge[+].

(Filed: February 15, 2019)

---

[+] The Honorable Juan R. Sánchez, Chief United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

OPINION[*]

CHAGARES, Circuit Judge.

Jibril M S Kormoh petitions this Court to review a final order of removal issued by the Board of Immigration Appeals ("BIA"). An Immigration Judge ("IJ") granted his application for cancellation of removal but the BIA sustained the appeal and ordered him deported to Liberia. For the reasons set forth below, we will dismiss Kormoh's petition for review.

I.

We write primarily for the parties, so we recite only the facts necessary to our disposition. Kormoh, a citizen of Liberia, has had frequent run-ins with the criminal system since his admission to the United States as an asylee in 2005. He has been arrested many times, charged with crimes ranging from possession of false identification to attempted murder, and convicted of assault, drug possession, and corruption of minors, among others. Kormoh has three children: two live with his aging mother, and one whom he has never met lives with the child's mother. He admits he does not provide for them financially. He also admits to abusing drugs.

Kormoh was convicted in 2014 for possession of controlled substances, rendering him removable pursuant to 8 U.S.C. § 1227(a)(2)(B)(i). On May 10, 2017, the Department of Homeland Security ("DHS") issued a Notice to Appear, charging him

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

with removability. Kormoh conceded that he is removable, but he sought cancellation of removal pursuant to 8 U.S.C. § 1229b(a), which gives the Attorney General discretion to cancel removal.

Kormoh testified before the IJ, who then balanced the equities to determine if his petition merited cancellation of removal. The IJ found Kormoh's extensive criminal record and drug abuse were on the negative side of the equation. On the positive side were his young children and his aging mother who takes care of them, as well as his sobriety while incarcerated. The IJ "reluctantly" granted cancelation of removal, and emphasized his decision is "not for the respondent but for his children and his mother." Administrative Record ("A.R.") 97.

On appeal, a three member panel of the BIA reversed. The BIA did not disturb any of the IJ's factual findings, which it reviews for clear error, 8 C.F.R. § 1003.1(d)(3)(i), but it found that the IJ did not weigh the equities correctly, which is a judgment that the BIA reviews de novo, 8 C.F.R. § 1003.1(d)(3)(ii). Accordingly, the BIA ordered Kormoh removed to Liberia. Kormoh timely petitioned for review and moved to stay deportation pending his appeal. Then the BIA sua sponte re-issued a nearly identical decision "[t]o correct an error," stating in a footnote to the amended decision that the prior order "will be vacated and the proceedings reinstated upon the Board's own motion." A.R. 3. Both the original decision and the re-issued decision

order Kormoh removed from the United States to Liberia.[1] Kormoh did not file a second petition for review in response to the amended order.

The Government moved to dismiss Kormoh's appeal on the ground that, pursuant to 8 U.S.C. § 1252(a)(2)(B)(i), we lack jurisdiction over denials of discretionary relief such as cancellation of removal. A panel of this court, while granting Kormoh's motion to stay, asked the parties to address "whether the Court has jurisdiction over the petition for review under 8 U.S.C. § 1252(a)(1), given the BIA's vacatur of its original decision while the petition for review was pending." Dkt. Entry 08/01/2018.

Kormoh did not address this issue in his brief filed in this Court. The Government conceded that we may review Kormoh's petition under 8 U.S.C. § 1252(a)(1), but maintained that we lack jurisdiction and should dismiss the petition pursuant to 8 U.S.C. § 1252(a)(2)(B)(i) and (C).

II.

The BIA exercised jurisdiction pursuant to 8 C.F.R. § 1003.1(b)(3). The primary issue in this appeal is whether we have jurisdiction over the petition for review. Our review of whether we have jurisdiction is de novo. Castro v. Att'y Gen., 671 F.3d 356, 364 (3d Cir. 2012) (citing Higgs v. Att'y Gen., 655 F.3d 333, 337 (3d Cir. 2011)).

---

[1] There can be no confusion between the two orders. The opening paragraph of the original order provides that the appeal will be sustained in part and remanded in part, but it concludes by clearly ordering "[t]he appeal is sustained," the IJ's "order is vacated," and Kormoh is "ordered removed from the United States to Liberia." A.R. 10. The amended order merely excises the phrase, "sustained in part and remanded in part" in the opening paragraph, and replaces it with the "appeal will be sustained." A.R. 3. The conclusion in the amended order remains the same.

III.

We lack jurisdiction to "review . . . any judgment regarding the granting of relief under section . . . 1229b [cancellation of removal]." 8 U.S.C. § 1252(a)(2)(B)(i); Pareja v. Att'y Gen., 615 F.3d 180, 186 (3d Cir. 2010) ("This court lacks jurisdiction to review the denial of discretionary relief, including cancellation of removal."); Johnson v. Att'y Gen., 602 F.3d 508, 510 (3d Cir. 2010) ("It is settled in this circuit that we lack jurisdiction over discretionary decisions regarding the granting of relief under 8 U.S.C. § 1229b."). Nonetheless, Kormoh challenges the denial of his petition for cancellation of removal. He argues that the BIA committed reversible error by failing to give due deference to the IJ's factual findings and credibility determinations. But the BIA did not disturb any of these findings. Instead, the BIA disagreed with the IJ's discretionary balancing and re-weighed the positive and negative factors that the IJ identified. The IJ even acknowledged that he would "be fully justified in denying [Kormoh's] claim." A.R. 97. The BIA is authorized to re-weigh the equities pursuant to 8 C.F.R. § 1003.1(d)(3)(ii), which provides for de novo review of discretionary decisions of immigration judges.

Accordingly, because Kormoh was denied discretionary relief, we do not have jurisdiction over his petition for review pursuant to 8 U.S.C. § 1252(a)(2)(B)(i).[2] The

[2] Kormoh's brief makes passing references to due process. To the extent he alleges "constitutional claims or questions of law," we could have jurisdiction over those issues. 8 U.S.C. § 1252(a)(2)(D). This pathway to jurisdiction, however, is "narrowly circumscribed." Jarbough v. Att'y Gen., 483 F.3d 184, 188 (3d Cir. 2007). Such claims must at least be "colorable" and "[a] party cannot confer jurisdiction on this Court where none exists simply by attaching a particular label to the claim raised in a petition for

Government also argues that we lack jurisdiction under § 1252(a)(2)(C), but we do not reach this issue.

IV.

For the foregoing reasons, we will dismiss Kormoh's petition for review.

---

review." Cospito v. Att'y Gen., 539 F.3d 166, 170 (3d Cir. 2008). Use of the words "due process" will not transform his claim into a constitutional one. See United States v. Torres, 383 F.3d 92, 104 (3d Cir. 2004) ("[B]ecause discretionary relief is necessarily a matter of grace rather than of right, aliens do not have a due process liberty interest in consideration of such relief."). Accordingly, because Kormoh does not make out any colorable constitutional claim or question of law, 8 U.S.C. § 1252(a)(2)(D) does not provide a pathway to jurisdiction.