NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2538
_____

ISRAEL JUAREZ-GARCIA, a/k/a Israel Juarez,
                                                    Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A206-705-061)
Immigration Judge:  Steven A. Morley
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 23, 2021

Before:  Chief Judge SMITH, MATEY, FISHER, *Circuit Judges*.

(Filed: August 27, 2021)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Petitioner Israel Juarez-Garcia, a native and citizen of Mexico, seeks review of a final order of removal by the Board of Immigration Appeals (BIA).[1] An immigration judge denied his request for cancellation of removal under a special rule for battered spouses.[2] The BIA upheld that denial, affirming the IJ's determination that removal would not result in extreme hardship. Juarez-Garcia argues that the IJ relied on an incorrect legal standard and that the IJ and BIA should have considered evidence related to mental health in evaluating his credibility. Because we conclude that our jurisdiction to consider these claims is lacking, we will dismiss Juarez-Garcia's petition.

The Attorney General may cancel removal of an alien who has been "battered or subjected to extreme cruelty by a [U.S. citizen] spouse,"[3] provided the alien meets certain criteria and shows that removal would cause him "extreme hardship."[4] Grant or denial of such relief is generally within the agency's discretion.[5] The INA does not define "extreme hardship"[6] for purposes of evaluating applications for cancellation of removal,

---

[1] In general, we have jurisdiction to review final orders of removal pursuant to 8 U.S.C. § 1252(a)(1). However, as explained below, that jurisdiction does not extend to the review of discretionary decisions granting or denying cancellation of removal. *Id.* § 1252(a)(2)(B). Because Juarez-Garcia challenges the agency's discretionary denial of cancellation of removal and does not raise any colorable constitutional or legal claim, *see id.* § 1252(a)(2)(D), we do not have jurisdiction here.

[2] *See* 8 U.S.C. § 1229b(b)(2)(A)(i)(I).

[3] *Id.*

[4] *Id.* § 1229b(b)(2)(A)(v).

[5] *See id.* § 1229b(b)(2)(A) (Attorney General "may" grant cancellation of removal).

[6] *Id.* § 1229b(b)(2)(A)(v).

and does not otherwise "provide[] a legal standard for determining its existence."[7] Accordingly, in the cancellation context, a "hardship determination is discretionary"[8] and "we lack jurisdiction over [such] decisions."[9] Our jurisdiction extends only to the review of "colorable" constitutional or legal claims.[10] "To determine whether a claim is colorable, we ask whether it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous."[11]

Here, Juarez-Garcia advances a purportedly legal claim, arguing that the IJ and BIA applied an "improper legal standard" in evaluating whether he would face extreme hardship.[12] But on closer inspection, this argument is only an attempt to obtain jurisdiction.[13] Juarez-Garcia contends that the IJ ignored evidence regarding his mental health—evidence he says bore on the extreme hardship analysis. The BIA, however, concluded that the IJ considered all "relevant evidence" and identified "no gaps or errors"

---

[7] *Johnson v. Att'y Gen.*, 602 F.3d 508, 511 (3d Cir. 2010) (discussing the concept of "extreme cruelty" under 8 U.S.C. § 1229b(b)(2)(A)(i)(I)); *see also* 8 C.F.R. § 204.2(c)(1)(viii) (in a related context, agency assesses extreme hardship "on a case-by-case basis after a review of [all credible] evidence" submitted by the battered alien).

[8] *Mendez-Moranchel v. Ashcroft*, 338 F.3d 176, 179 (3d Cir. 2003).

[9] *Johnson*, 602 F.3d at 510; *see also* 8 U.S.C. § 1252(a)(2)(B) ("[N]o court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b [cancellation of removal] . . . .").

[10] *Pareja v. Att'y Gen.*, 615 F.3d 180, 186 (3d Cir. 2010) (quoting *Cospito v. Att'y Gen.*, 539 F.3d 166, 170 (3d Cir. 2008) (per curiam)); *see also* 8 U.S.C. § 1252(a)(2)(D).

[11] *Mirambeaux v. Att'y Gen.*, 977 F.3d 288, 292 (3d Cir. 2020) (citations and internal quotation marks omitted).

[12] Pet. Br. 11.

[13] *See Pareja*, 615 F.3d at 187 ("[A] party may not dress up a claim with legal clothing to invoke this Court's jurisdiction.").

3

in the IJ's analysis.[14] Juarez-Garcia's argument boils down to a claim that the agency improperly weighed the evidence in evaluating whether he would suffer an extreme hardship. This type of argument "do[es] not raise constitutional claims or questions of law"[15] and "[w]e are not bound by the label attached by a party to characterize a claim."[16] Accordingly, we lack jurisdiction to review this issue.

Next, Juarez-Garcia argues that the BIA erred by declining to address the question of corroboration. He says the IJ improperly demanded corroborating evidence of spousal abuse, and that the BIA, in turn, "made an incorrect legal determination" when it failed to address this claim of error before affirming on the ground of extreme hardship.[17] But here again, we lack jurisdiction, because this argument is not a colorable legal claim. Juarez-Garcia takes issue with the BIA's discretionary decision to affirm on one ground without addressing another of his arguments.[18] As we have explained, however, review of discretionary decisions in the cancellation context falls outside the scope of our jurisdiction.

---

[14] A.R. 5.

[15] *Cospito*, 539 F.3d at 170.

[16] *Mirambeaux*, 977 F.3d at 292 (quoting *Jarbough v. Att'y Gen.*, 483 F.3d 184, 189 (3d Cir. 2007)).

[17] Pet. Br. 17.

[18] *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule[,] courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Lastly, Juarez-Garcia contends that the BIA erred when it upheld the IJ's adverse credibility determination. Specifically, he claims the IJ and BIA failed to consider evidence about his mental health "in weighing the credibility of his testimony."[19] Even on its own terms, this argument is not a constitutional claim or question of law, and we therefore lack jurisdiction to review it.

For these reasons, we will dismiss Juarez-Garcia's petition.

---

[19] Pet. Br. 22.