**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1942
_____

EMMANUEL FRIDAY OBASE,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A214-894-473)
Immigration Judge: Tamar H. Wilson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 2, 2021

Before: RESTREPO, PHIPPS and COWEN, <u>Circuit</u> <u>Judges</u>
_____

(Opinion filed: January 19, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Emmanuel Obase, proceeding pro se, petitions for review of a decision of the Board of Immigration Appeals ("BIA"). The BIA denied his motion to reconsider its decision affirming the denial of his application for cancellation of removal and to reopen his proceedings. For the reasons discussed below, we will deny the petition for review in part and dismiss it in part for lack of jurisdiction.

Obase is a native and citizen of Nigeria who was admitted to the United States in 2013 with a student visa. In 2019, the Department of Homeland Security issued a notice to appear charging that he was subject to removal for failing to comply with the conditions of the status under which he was admitted. Obase did not attend school after he arrived. Through counsel, Obase conceded that he was removable and applied for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(2), which sets forth a special rule for victims of domestic abuse.

Obase married his wife, a United States citizen, in 2017. He testified that over time his wife changed and constantly demanded money from him. She did not work, used drugs, and was involved with another man. Obase testified that their relationship deteriorated, that the man threatened "to bump [him] off," A.R. at 165, and that his wife told her brothers to break his legs. He also stated that, if he did not give his wife money, she threatened to jeopardize his work papers, which allowed him to work legally, and to tell immigration authorities that he had forced her to marry him.[1] Obase stopped living

---

[1] An application that Obase filed in 2018 for adjustment of status was referred to the fraud detection unit, although the reason for the referral is not clear. Obase stated that his

2

with his wife in June or July of 2019. In October 2019, he was arrested for allegedly assaulting her. Obase believes that his wife made up the allegations in order to get rid of him. Charges against Obase were pending in state court at the time of the hearing.

The Immigration Judge ("IJ") did not find all of Obase's testimony credible. She found the criminal allegations against Obase questionable and believed that he did not assault his wife. The IJ, however, found the dynamics of his relationship with his wife unclear and, although she believed that his wife wanted money from him, she did not find credible his allegations that she had threatened him. The IJ found his testimony too general and vague in this regard. She also stated that his testimony was at times evasive.

The IJ ruled that Obase had not shown that he had been "battered or subjected to extreme cruelty" by his wife, as required for cancellation of removal under § 1229b(b)(2)(A)(i).[2] The IJ also decided, assuming that his wife was having an affair, that she was upset when Obase did not give her money, and that her boyfriend had threatened Obase, that the harm did not rise to the level of being battered or subject to extreme cruelty by a spouse. In addition, the IJ ruled that Obase did not establish the

wife reported the fraud, but he also said that he and his wife gave conflicting information in an interview related to the application.

[2] Obase was also required to show that he had lived continuously in the United States for three years; that he had been a person of good moral character; that he was not inadmissible or deportable under immigration laws relating to criminal offenses; and that his removal would result in extreme hardship to himself, his child, or his parent. See 8 U.S.C. § 1229b(b)(2)(A)(ii)-(v).

3

requisite extreme hardship if he were removed. The BIA affirmed, without opinion, the result of the IJ's decision. Obase did not file a petition for review.

Obase filed a pro se motion with the BIA to reconsider its decision and to reopen his proceedings. The BIA rejected Obase's argument that it did not properly weigh the evidence of extreme cruelty. It explained that the IJ's determination rested on testimony that the IJ did not find credible, and that the adverse credibility determination was not clearly erroneous. The BIA stated that Obase had waived a challenge to the adverse credibility finding by not raising it in his prior appeal, and noted the IJ's ruling that certain incidents, even if credible, did not rise to the level of extreme cruelty. The BIA also found no error in its affirmance of the IJ's hardship determination. It denied Obase's motion to reopen his proceedings based on new evidence of conditions in Nigeria because he had not explained how the evidence changed the prior hardship determination. This petition for review followed.[3]

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We review the BIA's denial of a motion to reconsider and reopen for abuse of discretion. Pllumi v. Att'y Gen., 642 F.3d 155, 158 (3d Cir. 2011).

Obase contends that the BIA abused its discretion by failing to consider his argument that it had not properly weighed the evidence of extreme cruelty. The BIA, however, recognized this argument in its decision, discussed the basis of the

---

[3] The BIA also found no merit to a claim by Obase that the IJ was biased against him or that he was denied a full and fair hearing. This ruling is not at issue.

4

determination that he had not shown extreme cruelty, and stated that he had not shown any factual or legal errors in its prior decision that warranted reconsideration. Although the BIA did not discuss the evidence, its decision reflects that it considered Obase's argument.

Obase also argues that he challenged the IJ's adverse credibility determination in his motion to reconsider, that the BIA erred in stating that he waived such a challenge, and that there was no evidence contradicting his testimony. We are unable to determine whether Obase waived such a challenge,[4] but, as noted above, the BIA also explained that the adverse credibility finding was not clearly erroneous, and agreed with the IJ's ruling that certain incidents, even if credible, did not rise to the level of extreme cruelty. It was not persuaded that it erred in affirming the IJ's decision that he did not show that he suffered extreme cruelty.

As the Government argues, we lack jurisdiction to review the denial of a motion to reconsider that challenges the discretionary determination that a noncitizen was not subjected to extreme cruelty for purposes of § 1229b(b)(2)(A). See Johnson v. Att'y Gen., 602 F.3d 508, 510-11 (3d Cir. 2010) (holding extreme cruelty determination is discretionary and not subject to judicial review). Insofar as the determination here was based on a finding that Obase's wife did not threaten him, a challenge to this finding also

---

[4] The Department of Homeland Security stated in opposition to Obase's motion to reconsider that it was unclear whether his brief on appeal, which was rejected as untimely, was later accepted as a result of a motion by Obase. The administrative record does not include the brief, the rejection notice, or Obase's motion.

falls outside our jurisdiction. See id. at 510 (stating that this Court has jurisdiction to review constitutional claims or questions of law).

Obase also contends that the BIA did not address his legal arguments. Obase does not clearly identify these arguments, but he asserted in his motion to reconsider (and he reasserts in his brief) that the evidence satisfied legal definitions of terroristic threats, extortion, extreme cruelty, intentional infliction of emotional distress, and defamation. The BIA, however, acknowledged these arguments and correctly stated that whether Obase suffered extreme cruelty is a discretionary determination. The definitions Obase relies upon are not controlling. He has shown no error in this regard.

Finally, to the extent Obase asserts that the BIA did not properly weigh the evidence before summarily affirming the IJ's decision, as stated above we lack jurisdiction to review the discretionary determination that he was not subjected to extreme cruelty. We also lack jurisdiction to review the BIA's initial decision affirming the IJ's denial of relief because Obase's petition for review is not timely as to that decision. Our review is limited to the denial of his motion to reconsider and reopen. See Stone v. I.N.S., 514 U.S. 386, 405 (1995) (holding that the filing of a motion to reconsider does not toll the time for petitioning for review of a deportation order).[5]

---

[5] In light of these conclusions, it is unnecessary to consider Obase's arguments related to the additional requirement that he would suffer extreme hardship if removed or his new evidence of hardship. See Johnson, 602 F.3d at 512. We note, however, that the extreme hardship determination is also a discretionary decision which we lack jurisdiction to review. See Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 178-79 (3d Cir. 2003) (addressing hardship requirement in § 1229b(b)(1)(D)).

Accordingly, we will deny the petition for review in part and dismiss the petition to the extent we have determined that we lack jurisdiction.