NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2160
_____

WILLIAM LEMOS-RODRIGUEZ,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A205-495-104)
Immigration Judge: Tamar H. Wilson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 20, 2023

Before:  JORDAN, GREENAWAY, JR., and McKEE, Circuit Judges

(Filed: April 4, 2023)
_____

OPINION*
_____

JORDAN, Circuit Judge.

William Lemos-Rodriguez petitions for review of a Board of Immigration Appeals

("BIA") decision affirming the decision of an Immigration Judge ("IJ") to deny his

_____

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

application for cancellation of removal. He contends that the IJ denied him due process by failing to adequately consider the expert report of a psychologist that described the hardship his daughter would suffer if he were deported. He also asserts that the IJ denied him due process by preventing the psychologist from testifying at his merits hearing. As discussed below, those claims fail because the IJ considered the expert report prepared by the psychologist, and Lemos-Rodriguez has not – either at the hearing or before us – identified what, if any, additional information would have been adduced by hearing the psychologist's live testimony. We will therefore deny his petition.

## I.  BACKGROUND

Lemos-Rodriguez is a Salvadoran citizen who unlawfully entered the United States in October 1999. Sometime in 2007, he began living with a woman named Estefania Villasenor, and in December 2010, the couple had a daughter, who is a U.S. citizen. At age five, their daughter was diagnosed with separation anxiety disorder and adjustment disorder. She also suffers from, among other things, attention deficit hyperactivity disorder, a learning difficulty, and sleeping difficulties.

In June 2012, the United States Department of Homeland Security initiated removal proceedings against Lemos-Rodriguez by issuing him a Notice to Appear before the Immigration Court.[1]  Lemos-Rodriguez conceded his removability. He then applied

---

[1] The Notice to Appear charged that Lemos-Rodriguez was subject to removal due to his status as "an alien present in the United States who has not been admitted or paroled." (A.R. at 657.)

for cancellation of removal on the ground that his removal would cause "exceptional and extremely unusual hardship" to his daughter.[2]  (A.R. at 510.)

In support of his hardship claim, Lemos-Rodriguez submitted an expert report and an affidavit from psychologist Weili Lu, Ph.D, who examined Lemos-Rodriguez's daughter in March 2016 and again in May 2019.  Those filings reported Dr. Lu's conclusion that Lemos-Rodriguez's daughter suffers from separation anxiety disorder and is recovering from adjustment disorder, and that, although her psychiatric symptoms had improved since March 2016 with the help of therapy, they could worsen if the government removed Lemos-Rodriguez to El Salvador.[3]  In addition to Dr. Lu's expert report and affidavit, Lemos-Rodriguez submitted documents showing that, from 2012 to 2016, he was twice convicted for operating a motor vehicle while intoxicated and was convicted of a domestic violence charge for having assaulted Villasenor.

---

[2] Under 8 U.S.C. § 1229b(b)(1), the Attorney General "may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States" if the alien "has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application[,] … has been a person of good moral character during such period[,]" has not been convicted of certain offenses, and "establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States[.]"

[3] Dr. Lu explained that, since she first examined Lemos-Rodriguez's daughter in 2016, "[s]he is now doing much better than before, having gone through individual therapy to help her deal with things.  She is also doing well at school.  She is reported to love doing her homework."  (A.R. at 208.)  Dr. Lu cautioned, however, that "with the removal of her father, she could revert back to her earlier condition and may develop other comorbid disorders such as depression."  (A.R. at 208.)

3

At his merits hearing, both Lemos-Rodriguez and Villasenor testified that their daughter's psychiatric symptoms had improved, but they suggested that prolonged separation from Lemos-Rodriguez would cause her anxiety to worsen. Dr. Lu was also present at the hearing, and Lemos-Rodriguez's attorney suggested to the IJ that "it might be helpful that the Court just hear from her concerning the relationship between the respondent and this young girl." (A.R. at 203.) The IJ declined to hear testimony from Dr. Lu because she had already considered her report, noting that Dr. Lu "wrote such a thorough report including everything that she considered in her assessment[.]" (A.R. at 203.) The IJ also credited Dr. Lu's diagnosis of Lemos-Rodriguez's daughter but clarified that as to the "ultimate conclusion" of "exceptional, extremely unusual hardship to the child," that "is [the IJ's] job and [she would not] … allow [Dr. Lu] to testify to that." (A.R. at 203-04.)

In May 2019, the IJ issued her opinion, finding that Lemos-Rodriguez did not show that his removal would cause his daughter exceptional and extremely unusual hardship. Although the IJ acknowledged that Lemos-Rodriguez's removal would cause his daughter hardship since he provided her both emotional and financial support, she determined that the hardship would not be "substantially different from or beyond that which would normally be expected when a family member is deported." (A.R. at 42.) In support of that conclusion, the IJ pointed to the fact that the daughter lives with Villasenor, that Villasenor – and not Lemos-Rodriguez – tends to their daughter's medical needs, and that the daughter's mental health had improved since Dr. Lu first

4

evaluated her. The IJ therefore denied Lemos-Rodriguez's cancellation of removal and ordered him removed to EL Salvador.

Lemos-Rodriguez timely appealed the IJ's decision to the BIA on two grounds. First, he argued that the IJ "committed a reversible legal error by failing to give proper weight to [his] uncontested expert report which found extraordinary hardship to [his] U.S. citizen child" that would result from their separation. (A.R. at 13.) And second, he asserted that the IJ committed "a reversible due process error when she denied [him] the opportunity to present [Dr. Lu's] expert testimony as to … extraordinary hardship … at the merits hearing[.]" (A.R. at 13.) In its May 24, 2022, opinion, the BIA affirmed the IJ's decision. It determined that the IJ did not err in electing not to have Dr. Lu testify at the merits hearing because the IJ had already found Dr. Lu's report "to be sufficient and credible." (A.R. at 3.) Additionally, the BIA rejected Lemos-Rodriguez's claim that the IJ "erred in not giving proper weight to his expert's report[,]" pointing out that the IJ "noted that she considered all admitted exhibits in making her decision, which would have included the expert's report[.]" (A.R. at 3.)

## II.    DISCUSSION[4]

Lemos-Rodriguez challenges the BIA's affirmance of the IJ's denial of his application for cancellation of removal by repeating the same arguments here that he made to the BIA, this time framing both as due process challenges. He first argues that

---

[4] The BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3). Where, as here, the BIA affirms an IJ's decision while adding its own reasoning, we review both decisions. *S.E.R.L. v. Att'y Gen.*, 894 F.3d 535, 543 (3d Cir. 2018).

the IJ denied him due process because, although the IJ stated that she had considered all submitted documentary evidence, "the record belied that assertion[.]" (Opening Br. at 11.) Second, he contends that the IJ denied him due process by preventing Dr. Lu from testifying at his merits hearing.

We begin by addressing the government's argument that we lack jurisdiction over this appeal. Although 8 U.S.C. § 1252(a)(2)(B)(i) generally strips our jurisdiction to review an IJ's discretionary determination[5] that a petitioner failed to establish "exceptional and extremely unusual hardship" to his qualifying relative for cancellation of removal, *Patel v. Garland*, 142 S. Ct. 1614, 1622 (2022), we retain jurisdiction under § 1252(a)(2)(D) to review "colorable legal or constitutional issues that [the petition for review] raises[,]" *Cruz v. Att'y Gen.*, 452 F.3d 240, 247 (3d Cir. 2006). We review such claims de novo. *Guzman v. Att'y Gen.*, 770 F.3d 1077, 1082 (3d Cir. 2014). A petition for review is not colorable if it presents "nothing more than an argument that the IJ abused his discretion in determining that the petitioner did not meet the requirement of exceptional and extremely unusual hardship[.]" *Pareja v. Att'y Gen.*, 615 F.3d 180, 187 (3d Cir. 2010) (quoting *Mendez–Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009)).

Lemos-Rodriguez's first due process claim, that the IJ failed to consider all the documentary evidence, does not raise a colorable legal or constitutional question, and we therefore lack jurisdiction to consider it. Although Lemos-Rodriguez initially frames his

---

[5] Even if a petitioner shows that he is eligible for cancellation of removal because he has met the statutory requirements under 8 U.S.C. § 1229b(b), he must still establish that he warrants relief as a matter of discretion. *Moncrieffe v. Holder*, 569 U.S. 184, 204 (2013); *Pareja v. Att'y Gen.*, 615 F.3d 180, 186 (3d Cir. 2010).

argument as a due process challenge to the IJ's failure to consider admitted evidence, he goes on to contend that the IJ *did consider* Dr. Lu's report but rejected "the parts of Dr. Lu's psychiatric report which described the devastating effects that [his] removal would have on [his] daughter" without "expressly acknowledging" that she was rejecting those parts. (Opening Br. at 8.) As a result, according to Lemos-Rodriguez, the IJ "selectively accept[ed] the parts of Dr. Lu's opinion and report that comported with her already-made decision to deny relief to [him] based on his criminal history – and reject[ed] the other parts without explaining why." (Opening Br. at 10-11.)

But, in fact, the IJ discussed the daughter's medical issues, observing that she "will undoubtedly suffer hardship if the respondent is removed[,]" and there is no suggestion in the IJ's opinion that she rejected Dr. Lu's expert conclusions. (A.R. at 41.) Rather, the IJ, "considering the record as a whole and balancing the adverse factors evidencing [Lemos-Rodriguez's] undesirability as a permanent resident including … his extensive criminal history," determined that, even if Lemos-Rodriguez's daughter "were to suffer an exceptional and extremely unusual hardship, [it did] not warrant a grant of cancellation of removal in the exercise of the Court's discretion." (A.R. at 42.)

At bottom, Lemos-Rodriguez's first claim comes down to an allegation that, in his words, the IJ "fail[ed] to give proper weight to [his] uncontested expert report which found extraordinary hardship[.]" (A.R. at 13). That allegation has no constitutional valence, and "[i]t is settled in this circuit that we lack jurisdiction over discretionary decisions regarding the granting of relief under 8 U.S.C. § 1229b." *Johnson v. Att'y Gen.*, 602 F.3d 508, 510 (3d Cir. 2010); *Pareja*, 615 F.3d at 186 ("This Court lacks

7

jurisdiction to review the denial of discretionary relief, including cancellation of removal."); *Hernandez-Morales v. Att'y Gen.*, 977 F.3d 247, 249 (3d Cir. 2020) ("[A] disagreement about weighing hardship factors is a discretionary judgment call, not a legal question.").

Lemos-Rodriguez's second due process argument, though colorable, ultimately fails. He asserts that the IJ denied him a "full and fair hearing" by declining to have Dr. Lu testify at the merits hearing. (Opening Br. at 12-13) (citing *Cham v. Att'y Gen.*, 445 F.3d 683, 691 (3d Cir. 2006) ("To establish a Due Process violation, [Petitioner] must show that he was denied 'a full and fair hearing,' which includes a 'neutral and impartial arbiter of the merits of his claim and a reasonable opportunity to present evidence on [his] behalf.'") (internal citations omitted). Specifically, he contends that because Dr. Lu's expert report was written in March 2016, and thus "more than three years prior to the merits hearing[,]" Dr. Lu could have "presented[ed] updated evidence – namely, the current state of Petitioner's daughter's separation anxiety and whether there was improvement." (Opening Br. at 12-13.)

The government argues that we lack jurisdiction over this second due process argument because the claim fails on its merits. That puts the cart before the horse, as "[t]he question of our jurisdiction over a colorable legal claim does not turn on whether that claim is ultimately meritorious." *Pareja*, 615 F.3d at 187. Yet, while we have jurisdiction over Lemos-Rodriguez's second due process claim, it does indeed fail on the merits. Contrary to Lemos-Rodriguez's assertion, the IJ did not prevent him from presenting his case. As the IJ noted, the record already contained Dr. Lu's thorough and

8

credible expert opinion.  Furthermore, at the merits hearing, Lemos-Rodriguez's counsel merely suggested that "it might be helpful that the Court just hear from [Dr. Lu] concerning the relationship between" Lemos-Rodriguez and his daughter, and counsel did not raise any reason why Dr. Lu's in-person testimony would be materially different than her expert report and affidavit.  (A.R. 203.)  Nor has Lemos-Rodriguez identified in his appellate briefing any new, material information that Dr. Lu would have added.

Thus, with Dr. Lu's expert report and affidavit already in the record, and considering that Lemos-Rodriguez has never pointed to a material difference between Dr. Lu's written filings and what she would have stated at his merits hearing, the IJ's exclusion of Dr. Lu's in-person testimony was not a due process violation.  *See Morgan v. Att'y Gen.*, 432 F.3d 226, 235 (3d Cir. 2005) (finding no due process violation where the petitioner could not demonstrate how additional evidence obtained during a continuance would have impacted the outcome of her case).

III.    CONCLUSION

For the foregoing reasons, we will deny the petition for review.